The Terre Haute and Logansport Railroad Company *v.* Soice, Treasurer.

Filed April 21, 1891.

---

## No. 14,957.

128  105
145  128

## THE TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY *v.* SOICE, TREASURER.

DRAINAGE.—*Cleaning Out Ditch.—Assessment by County Surveyor.—Collection of.—Action to Enjoin.— When Injunction will Lie.—Proper Remedy.—Appeal.*—Under the act of April 6th, 1885 (Acts 1885, p. 141), investing the county surveyor with the power to clean out ditches, and restore them to their original dimensions, and to assess the costs against the lands originally assessed for the construction of the ditch, etc., and providing for an appeal from the decision of the surveyor by any party aggrieved, an action will not lie to enjoin the collection of an assessment made by the county surveyor, unless it be affirmatively shown that the acts of the surveyor are not merely erroneous, but absolutely void, and without any authority. The surveyor being invested by statute with power to make the repairs and assessments, the only remedy of persons aggrieved by reason of an erroneous assessment is by appeal, and the assessment can not be attacked collaterally in a proceeding for injunction.

SAME.— *When Injunction will not Lie.—Complaint.—Demurrer.*—Where it does not appear in the complaint in an action to enjoin the collection of an assessment made by the county surveyor under the above section, that the amount is not assessed against the particular property owned by the plaintiff which is liable for the payment of such assessment, nor that the defendant will collect or attempt to collect the same by

distress and sale of any other property of the appellant, the complaint is bad on demurrer.

From the Marshall Circuit Court.

*J. G. Williams*, for appellant.

*A. C. Capron*, for appellee.

OLDS, C. J.—This was an action brought by the appellant against the appellee to enjoin the collection of an assessment made by the county surveyor of Marshall county against the appellant for cleaning out a ditch theretofore constructed under the law.

The complaint alleges that the appellant company, in constructing its railroad through said county along the right of way conveyed to it, found it necessary to cross a certain ditch theretofore constructed by order of the board of commissioners of said Marshall county and the circuit court of said county; that its line of road upon its right of way had crossed said ditch some three times; and that they filled up said ditch where it crossed its railroad at some of the points, and restored the same to its full size, dimensions, and usefulness, by constructing it along its right of way a certain distance. It is further alleged that the surveyor cleaned out said ditch and assessed the expense therefor against the lands originally assessed for the construction thereof; that the surveyor found that the ditch was filled up and obstructed by the act or negligence of an employee or contractor of the appellant, and assessed $25 against the appellant for such obstruction, and made another assessment against the appellant of $34 for delivering and laying tile through the ground of appellant's road where it crosses the ditch; that appellant failed to pay the assessments, and said surveyor made and filed with the auditor of said county of Marshall a certified copy of said assessment, and said auditor placed the same upon the tax duplicate of said county; that the appellee is the treasurer of said county, and has demanded payment from appellant, and, unless enjoined, will proceed to collect

The Terre Haute and Logansport Railroad Company *v.* Soice, Treasurer.

the same by distress and sale of the property of this plaintiff; that said amount has been carried forward as delinquent, etc.

Prayer for an injunction.

A demurrer was sustained to the complaint and judgment rendered for appellee. The only error assigned relates to the ruling of the court in sustaining the demurrer.

It is contended by the appellant that under the statute, 5th subdivision of section 3903, R. S. 1881, it had the right, in the construction of its railroad, to cross said ditch, and had the right to change its course, and do the acts which it did in this instance if, in doing so, it did not unnecessarily impair the usefulness of the ditch, or restored it to its original usefulness, which it avers in the complaint it did in relation to the ditch in controversy. Railroad companies, no doubt, have the right to construct their roads across public ditches without liability, if they restore them to their original state and usefulness, without incurring any liability.

It is further contended that a portion of the assessment made against the appellant in this case was for tiling and putting in a tile ditch where the original specifications call for an open ditch, and therefore the surveyor had no right to put in a tile ditch across their right of way and through the grade of their railroad.

It is not necessary to pass upon this question, for the reason that the action is to enjoin the whole amount of the assessment, and a portion of the assessment is made on account of the ditch having been obstructed and filled up by the appellant, as found by the surveyor. Section 10 of the drainage act of 1885, Elliott's Supp., section 1193, authorizes the county surveyor to clean out ditches and restore them to their original dimensions, and to assess the costs against the lands originally assessed for the construction of the ditch. It provides further " that if such repairs shall have been rendered necessary by the act or negligence of the owner or occupant or employee or agent of either, or any of the

lands, * * then the cost thereof should be assessed against such lands alone." It further provides for an appeal being taken from the county surveyor by any party aggrieved.

As will be seen, this section invests the surveyor with the power of determining, among other things, the fact as to whether the ditch has been filled up or obstructed, and said repairs made necessary by the act or negligence of any of the land-owners or their agents or employees. It is averred in the complaint that this assessment is made against the appellant, and is collectible by distress and sale of any of its property, real and personal, but there is no complete copy of the record of the assessment made by the surveyor set out. It is not averred but that the appellant is the owner of some part of the lands originally assessed for the construction of the ditch, but it does appear that certain lands along the ditch have been conveyed to the appellant. Nor does it affirmatively appear but that the assessment, as made by the surveyor, is against the lands so assessed for the original construction of the ditch, and now owned by the appellant.

The surveyor having the right and being vested with the discretion of determining the necessity for making the repairs and charged with the duty of certifying the cost to the proper county auditor, and assessing the costs of such repairs against the lands originally assessed for the construction of the ditch, and when any particular owner or occupant of lands has, by his acts or negligence, rendered the repairs necessary, it is made his duty to assess such costs against the particular lands so owned by such person, and it gives a remedy to persons aggrieved by appeal. Such persons are confined to their remedy by appeal, and can not have an injunction to enjoin the collection of such assessment, unless it be affirmatively shown that the acts of the surveyor are not merely erroneous, but absolutely void and without any authority. The surveyor being vested by the statute with power to make the repairs and assessments,

The Terre Haute and Logansport Railroad Company *v.* Soice, Treasurer.

the remedy of persons aggrieved by reason of an erroneous assessment is by appeal, and the assessments can not be attacked collaterally in a proceeding for injunction.

It is not necessary for us to hold in this case that if the surveyor should not make an assessment against the lands originally assessed, but should simply enter up a personal charge or judgment against the owner, it could not be enjoined, for we do not construe the complaint as alleging any such state of facts; but if the appellant is not liable for obstructing the ditch by filling it up and changing the course of it on account of its right under the statute authorizing it to construct its road across water-courses, provided it restore them to their original usefulness, the right to make such defence is given to it in the original proceedings by an appeal from the judgment of the surveyor.

It is true it is alleged in the complaint that, unless defendant be enjoined, he will proceed to collect the same by distress and sale of the property of the appellant, but it does not appear that the amount is not assessed against the particular property owned by the appellant, which is liable for the payment of such assessment, nor does it appear that the appellee will collect or attempt to collect the same by distress and sale of any other property of the appellee.

Construing the complaint as we think it should be, there are no such facts alleged as entitle the appellant to an injunction enjoining the collection of the assessment, and there was no error in sustaining of the demurrer to it.

Judgment affirmed, with costs.

Filed April 11, 1891.