Filed May 17, 1892.

---

No. 16,474.

## Cole, Administrator, v. State, ex rel. Hopper, Trustee.

School Trustee.—*Tax Levy for Special School Purposes.*—*Refusal of Auditor to Enter Levy.*—*Mandamus.*—Where the trustee of a school township makes and files in the auditor's office of the county his annual tax levy for special school purposes, and the auditor refuses to make the assessment, or to enter a levy upon the duplicate, a mandamus proceeding to compel him to do so is properly brought in the name of the State on the relation of the school trustee. His duty does not end when he makes and reports the levy which the statute requires him to make and report, but continues until he has done what it is reasonable to do to recover the collection of the special tax levied by him.

Same.—*Petition for Mandamus.*—*Interest of Trustee Need Not be Averred.*—The petition in such a case need not specifically aver that the relator has a special interest in the performance of the duty which he asks the court to coerce the auditor to perform. Where the facts pleaded show the special interest, a specific allegation is unnecessary.

Same.—*Abuse of Discretion by.*—*Return to Writ of Mandate.*—*Insufficiency of.*—An averment in a paragraph of return to the alternative writ of mandate that the levy made by the board of county commissioners was sufficient for special purposes, and that there was no necessity for the levy made by the relator, adds no force to the return. The law invests the trustee with a discretionary power to determine, within the prescribed limits, the amount of the levy, and no other officer or officers can

exercise that power.   An abuse of that discretion must be shown before the courts will interfere.

SAME.—*Pleading Custom.*—A paragraph of return to the alternative writ of mandate is bad which alleges that the defendant, in refusing to make the assessment, etc., was following a custom which had long prevailed in the auditor's office.   The duties of the trustee and auditor are prescribed by law, and what the law prescribes custom can not affect.

SAME.—*Levy for Special School Tax.*—*County Commissioners Need not Approve*—The trustee of a school township is authorized by law to levy a special school tax without the approval or concurrence of the board of county commissioners.   Section 4467, R. S. 1881.

PUBLIC OFFICER.—*Refusal to Perform Positive Duty.*—If in any case a public officer can excuse a refusal to perform his positive duty because of the lack of time, he must state specific facts clearly and fully, showing why the duty can not be performed.   Mere general statements can not supply the place of facts.

From the Harrison Circuit Court.

*B. P. Douglass* and *M. M. Frank*, for appellant.

*G. W. Self*, for appellee.

ELLIOTT, C. J.—The relator avers, in his petition, that he is the trustee of Blue River school township of Harrison county, Indiana; that on the 21st day of September, 1891, the appellant was, and since has been, the auditor of Harrison county; that on the day aforesaid the relator, as trustee, made and filed in the auditor's office his annual tax levy for special school purposes for the year 1891; that at the time of making and filing the levy he demanded of the appellant, as such auditor, that he make the proper assessment and charge the same upon the duplicate of the county; that the levy so made by the relator was and is necessary to raise funds to keep school-houses and other property in repair, to purchase school furniture, apparatus, fuel and other necessaries for the use of the schools of the township; that the appellant refused to make the assessment or to enter a levy on the duplicate.

There is no substantial merit in the appellant's contention that Hopper, the trustee, is not a proper relator.   This is not an action to enforce a liability upon a contract in favor

of the township, nor to establish such a liability against it, but it is a proceeding by an officer charged with a specific duty to enforce the performance by another officer of a like specific duty imposed upon him by law. The decisions in such cases as *Vogel* v. *Brown Tp.,* 112 Ind. 299, and *Wright* v. *Stockman,* 59 Ind. 65, are not of controlling influence. Nor is it an action to determine to whom the taxes, when collected, will belong, but it is an action by an officer charged as an officer with taking measures to levy and collect a tax. This duty rests upon the officer, and not upon the public corporation, so that he is entitled as such officer to the assistance of the court to enable him to effectively perform the duty enjoined upon him by law. His duty does not end when he makes and reports the levy which the statute requires him to make and report, for it continues until he has done what it is reasonable to do to secure the collection of the special tax levied by him.

There is no strength in the position that the petition is bad because it does not specifically aver that the relator has a special interest in the performance of the duty which he asks the court to coerce the auditor to perform. Where the facts pleaded show the special interest, a specific allegation is unnecessary. The facts here averred show such an interest. The relator was, as we have seen, charged with a special duty, and in whatever directly concerns that duty he has in the strictest sense a special interest which the courts will heed, and, heeding, give him due assistance to vindicate his rights.

The second paragraph of the appellant's return to the alternative writ alleges that the relator, after making the levy, reported it to the board of commissioners for approval on the 14th day of September, 1891; that the board did not approve the levy made by the relator, but, on the contrary, determined upon and levied a special school tax of fifteen cents on the one hundred dollars; that, to quote the words

of the pleader, " by a custom which has prevailed in the auditor's office ever since township trustees ' have been authorized by law to levy such taxes,' " the defendant at once proceeded to formulate his tax tables for the current year, including special school taxes as concurred in and determined upon by the board of commissioners; that by reason of the changes made by the act of 1891 in the time of making the levies of taxes for county and other purposes, the defendant is greatly pressed for time, so that it " is next to impossible for him to discharge his duties within the time prescribed."

It is evident that some of the allegations of this pleading must be entirely disregarded. The allegation we have quoted concerning custom is entirely destitute of force if it be true, as is alleged, that the duties of the trustee and auditor are prescribed by law. What the law prescribes custom can not affect. If there is a law upon the subject it must be obeyed, and there can not be one custom, or usage, in one county, and another, or others, in some other county or counties.

The averments attempting to excuse the auditor from performing his duty are clearly insufficient. If in any case a public officer can excuse a refusal to perform his positive duty because of the lack of time, he must state specific facts clearly and fully showing why the duty can not be performed. Mere general statements can not supply the place of facts.

The only question of substantial merit which the pleading under immediate mention presents is as to the authority of a township trustee to levy a special school tax without the approval or concurrence of the board of county commissioners. If the concurrence of the board is required the return is sufficient, otherwise it is bad. If the law authorizes the levy of the special tax without any action by the board, the auditor and the members of the board were bound to know and obey the law.

It is important to bear in mind that the tax which the trustee seeks to compel the auditor to place upon the tax duplicate for collection is a special school tax. This is im-

Cole, Administrator, *v.* The State, *ex rel.* Hopper, Trustee.

portant for the reason that the statute makes a distinction between special school taxes and other township taxes. The statutory provision respecting the levy of township taxes for general purposes does require the concurrence of the board of commissioners. Section 5995, R. S. 1881. As this provision expressly mentions one class of taxes, the implication is that other classes are excluded. This would be the general rule even if there were no provision expressly naming another class of taxes and declaring how taxes of that class shall be levied, and it is all the stronger where, as here, there is another statutory provision expressly declaring how the taxes of the excluded class shall be levied. The statutory provision to which we have just referred reads thus: "The trustees of the several townships, towns, and cities shall have the power to levy a special tax, in their respective townships, towns, or cities, for the construction, renting, or repairing of school-houses, for providing furniture, school apparatus, and fuel therefor; and for the payment of other necessary expenses of the school, except tuition, but no tax shall exceed the sum of fifty cents on each one hundred dollars worth of taxable property, and one dollar on each poll, in any one year, and the income from said tax shall be denominated the special school revenue." Section 4467, R. S. 1881. The language employed in the statute is neither ambiguous nor obscure, so that we need not look beyond it to ascertain the meaning of the Legislature. That meaning, as the words used clearly express it, is that the officers of the school corporation shall make the levy for the special school revenue. There is a plain reason why this should be so. The city, town and township officers are classed together (the statute applies to all such officers), and it would, as is readily conceivable, be unwise to vest officers elected by a county with control over the affairs of a city or town, for cities and towns, as well as townships, are essentially different political organizations. County commissioners, as we all know, are chosen to conduct county affairs, and

not such purely local matters as town, township or city schools. If we look, as it is of course proper to do, to other provisions of the statute concerning schools we shall find abundant evidences of the intention of the Legislature to vest the control of local schools in local, city, town or township officers. It is not reasonable, under such a system as ours, that county officers should have control of local schools, and in the absence of an express statute clearly giving them such control there can be no inference that county officers can control or govern them or their special revenues, but we are not left to inference for the positive law very plainly places the power in the hands of the local school officers. · There was, therefore, no error in sustaining the demurrer to the second paragraph of the return.

The third paragraph of the appellant's return contains substantially the same allegations as the second, but it also contains the additional allegation that the levy made by the board of commissioners is sufficient for special purposes, and that there was no necessity for the levy made by the relator. This allegation adds no force to the return. The law invests the trustee with a discretionary power to determine, within the prescribed limits, the amount of the levy, and no other officer or officers can exercise that power. It is well settled that where an officer is invested with a discretion its exercise can not be controlled nor the authority taken from him. *Weaver* v. *Templin*, 113 Ind. 298, and cases cited. See authorities cited in Elliott Roads and Streets, p. 276, note 2, p. 297, note 2; *City of Fort Wayne* v. *Cody*, 43 Ind. 197; *Davis* v. *Mayor, etc.*, 1 Duer, 451. It is undoubtedly true that the courts may prevent injustice resulting from an abuse of discretion, but no such case is before us.

Judgment affirmed.

Filed May 21, 1892.