Young, County Superintendent, etc., *v.* State, *ex rel.* Morgan *et al.*

◆

No. 17,209.

YOUNG, COUNTY SUPERINTENDENT, ETC., *v.* STATE, EX REL. MORGAN ET AL.

COMMON SCHOOLS.—*Township Trustee.—Enumeration Report.—When Binding on Superintendent.*—The enumeration made by a school trustee, of children who are of school age in his township, when properly and regularly reported, is binding and conclusive on the county superintendent, and he must make it the basis of his report to the State superintendent.

SAME.—*County Superintendent.—Report of.—Mandamus.—Statute Construed.—Parties Plaintiff.*—The duties required of the county superintendent by the provisions of section 4431, R. S. 1881, are ministerial only, and he may be compelled, by mandate, to perform them, and in such case the trustees are proper parties to enforce the performance.

SAME.—*Township Trustee.—Enumeration Report.—Statute Construed.*—The provisions of section 4430, R. S. 1881, in so far as they affect township trustees, are penal, and apply only where the trustee has failed to file any report, and have no application where a report in proper form, duly verified, has been filed.

From the Wells Circuit Court.

*A. N. Martin* and *W. H. Eichhorn*, for appellant.

*J. Morris, Sr., R. C. Bell, J. M. Barrett* and *S. L. Morris*, for appellees.

COFFEY, J.—Section 4472, R. S. 1881, provides that the trustees of the several townships, towns, and cities, in this State, shall, between the first of March and the first of May of each year, make an enumeration of the children, white and colored, within their respective townships, towns, and cities, between the ages of six and

twenty-one years, exclusive of married persons. It also specifically prescribes the manner in which such enumeration shall be made.

Section 4475 provides that each of such trustees shall, on or before the first day of May, annually, report to and file with the county superintendent of the proper county, a copy of his said list and enumeration, with his affidavit indorsed thereon, to the effect that the same is, to the best of his knowledge and belief, full and accurate, and that the enumeration does not include persons who are less than six nor more than twenty-one years of age.

Section 4431 requires the county superintendents of the several counties of the State, on or before the fifteenth day of May, annually to make out and forward to the State superintendent the enumeration of their respective counties, with the same particular discrimination required of the trustees in their reports to him.

Under the provisions of section 4472, *supra*, the appellees, as school trustees of the city of Ft. Wayne, made the enumeration therein required, and filed a copy of the same in proper form, duly verified, with the appellant as county superintendent of Allen county, before the first day of May, 1893. The trustees of the several townships in the county also made the enumeration required by this act, and filed duly verified copies with the appellant within the time limited.

After filing these several reports, the appellees, as such school trustees, demanded of the appellant that he make out and forward to the State superintendent the enumeration provided for by section 4431, *supra*, which he refused to do, alleging as a reason for such refusal that the enumeration made by the appellees was not correct; that it contained many more children than were entitled to school privileges in the city of Ft. Wayne, and claiming the right to employ a competent person to make a

new enumeration.   Upon such refusal, this action was commenced to compel the appellant, by mandate, to perform the duty enjoined upon him by the provisions of said section 4431.

The question at issue between the parties relates to the right of the county superintendent to reject the report of enumeration made by a trustee, where he knows, or has reason to believe, that such report is incorrect, and employ some competent person to make another enumeration.   It is contended by the appellant that he has such right and power, while on the other hand it is contended by the appellees that the report of the trustee, in due form, properly verified, is binding on the superintendent, and that he must accept the same, and make it the basis of his report to the State superintendent.

In arriving at a just conclusion upon the question here presented, it must be borne in mind that a county superintendent is a statutory officer belonging to the administrative department of the government, without judicial power.   His duties are generally ministerial. *Elmore* v. *Overton*, 104 Ind. 548.

Officers of this class, as a rule, possess no powers except such as are conferred upon them by statute, either expressly or by necessary implication.   If, therefore, the appellant possessed the power to reject the enumeration made by the appellees, and employ some competent person to make another, it must be that he possessed it by reason of some statutory provision.   It is claimed by him that he had such power by reason of the provisions of section 4430, R. S. 1881, which provides that when any trustee shall neglect to file with the county superintendent an enumeration of the children of the township, town or city, as required by section 4472, *supra*, the county superintendent shall, immediately after the first day of May in each year, employ a competent person to take

the same, and allow a reasonable compensation for such services, payable from the school revenue of the township, and shall proceed to recover the same in the name of the State of Indiana for the use of said revenue of said township by action against the trustee in his individual capacity.

We are of the opinion that this section does not confer the power claimed. In so far as it affects the trustee, it is penal in its character, and must be strictly construed. In its terms, it applies to a case where the trustee has failed to file any report, and has no application to a case where a report in proper form, duly verified, has been filed.

By the above provisions of our statute, the trustee is made the proper officer to take the enumeration of the school children, and where he performs that duty and files the required report, there is no provision for making another enumeration. The enumeration made by him, when properly and regularly reported, is, we think, binding and conclusive on the county superintendent.

The duty required of the county superintendent by the provisions of section 4431, *supra*, are, in our opinion, ministerial only, and he may be compelled, by mandate, to perform them.

It is further claimed by the appellant, that the appellees, as trustees of the school board, can not maintain this action, and that the suit should have been brought on the relation of the school board of the city of Fort Wayne.

In this contention, we think the appellant is in error. This is not an action to enforce a liability on a contract in favor of the school board, but is a proceeding by officers charged with the performance of specific duties, to compel another officer to discharge a duty due from him.

In such case, the officers charged with the performance of a specified duty are the proper relators. *Cole* v. *State, ex rel.*, 131 Ind. 591.

There is no error in the record for which the judgment of the circuit court should be reversed, and the same is, therefore, affirmed.

DAILEY, J., took no part in the decision of this cause. Filed June 21, 1894.