McLEOD et al. v. RECEVEUR, Treasurer.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1896.)

No. 224.

1. JUDGMENTS — COLLATERAL ATTACK — DETERMINATION BY BOARD OF ASSESSMENT.

The property of the K. & I. Bridge Co., which owned a bridge over the Ohio river from the Kentucky to the Indiana shore, having been placed in the hands of receivers, the treasurer of F. county, Ind., in which county the terminus of the bridge lay, intervened in the suit in which the receivers were appointed, alleging that the state board of equalization had assessed the property of the bridge company for taxation at $200,000, and asking that the receivers be ordered to pay the taxes levied upon such assessment. The receivers answered, alleging their willingness to pay the tax upon a proper assessment, but averring that the board of equalization had been led, through misrepresentation, to believe that the property of the bridge company in Indiana included all its property extending to a point in the river near the Kentucky shore, whereas the boundary of the state and the bridge company's property therein extended only to low-water mark on the northern shore, and that, by mistake and error, said board had determined, against the statements of protest of the bridge company, that its property extended to the further limit, and had accordingly assessed its property in Indiana at $200,000, when the same was not in fact worth more than $45,000. These averments of the answer were stricken out, on motion of the intervener, and the taxes were ordered to be paid. *Held*, that as the board of equalization, in determining what property was to be assessed, and in fixing the amount of the assessment, acted judicially, and had jurisdiction to determine such questions, its judgment could not be questioned collaterally, and the order should be affirmed.

**2. Constitutional Law—Due Process of Law.**

*Held,* further, that the opportunity afforded to the bridge company to be heard before the board of equalization, of which it appeared that it had availed itself, was sufficient to satisfy the constitutional requirement of due process of law.

Showalter, Circuit Judge, dissenting.

Appeal to the Circuit Court of the United States for the District of Indiana.

In a suit in the circuit court of the United States for the district of Indiana, wherein the Youngstown Bridge Company was complainant, and the Kentucky & Indiana Bridge Company and others were defendants, the appellants were appointed receivers of the property of the company defendant in that bill. The defendant corporation was the owner of a bridge spanning the Ohio river at or near Louisville, in the state of Kentucky, and New Albany, in the state of Indiana, with considerable property in both of such states adjacent to the termini of the bridge. The state board of equalization of Indiana assessed the property of the Kentucky & Indiana Bridge Company in the years 1891, 1892, and 1893 at something over $200,000. The taxes levied by the state of Indiana and by the county of Floyd for such years, respectively, upon the basis of that assessment, remaining unpaid, the treasurer of Floyd county, in which county the property in the state of Indiana belonging to the company was situated, and who, by law, is charged with the duty of collecting such taxes, on the 29th of May, 1894, filed his intervening petition, setting forth that the taxes for those years were levied by the state of Indiana and by the county of Floyd upon the property of the company situated within the state of Indiana and in the county of Floyd and north of the low-water mark of the Ohio river; that such taxes, remaining due and unpaid, constituted a first lien upon all the property of such bridge company; and asking for a decree that the receivers be adjudged to pay the same out of any funds in their hands. To that petition the receivers made answer, inter alia, as follows: "Your respondents, for further answer, state that they are, as receivers, under the order of this court, ready and willing and able to pay any taxes due the county of Floyd and state of Indiana, for either of the years named, —1891, 1892, 1893. They state that the assessments upon the property of said Kentucky and Indiana Bridge Company for the years above named were not legally, fairly, justly, and equitably assessed by the state board of equalization of the state of Indiana, and that the amount of property belonging to the said Kentucky and Indiana Bridge Company, in the state of Indiana, was unfairly and improperly represented to said state board of equalization of the state of Indiana, and that, by reason of said unfair, improper, and incorrect representations of the property of said Kentucky and Indiana Bridge Company, the valuation placed thereon was greatly in excess of the fair, just valuation of said property, due from any standpoint whatever. Respondents further say that the said board of equalization were led to believe, and did believe, against the statements and protest of said Kentucky and Indiana Bridge Company, that the property to be assessed, and that was assessed, and was considered in the valuation of said property, was to be the channel of the Ohio river on the Kentucky side; that said board of equalization claim that the property of the Kentucky and Indiana Bridge Company, for the purpose of valuation aforesaid, should be held as extending to what is known as 'Sand Island,' in the Ohio river, near the Kentucky shore; whereas the property of the Kentucky and Indiana Bridge Company, for purposes of valuation and taxation in the state of Indiana, does not extend further than the low-water mark on the Indiana side; that the members of the state board of equalization were misled by the statements and representations of a member thereof, who resided in the city of New Albany, and who assumed to know the circumstances and relations of the property, and said valuation was made through mistake and error as to the amount of property belonging to said company in the state of Indiana. Your respondents state, and charge the fact, and be-

lieve, that in the said valuation of the Kentucky and Indiana Bridge Company property, for the purpose of taxation, the property of said company was considered to be and held as extending to the channel of the river on the Kentucky side, which would be about eighteen hundred feet further into the channel of the Ohio river than by law it could extend for purposes of taxation. Your respondents further state that the cost of all the property of the Kentucky and Indiana Bridge Company in the state of Indiana could not exceed $45,000, and yet, by the inducements and representations, at the time said amount was first assessed against said property, the valuation was placed at the sum of $200,000, more than four times its original cost, and far greater than could be reasonably, fairly, and justly, under all the circumstances, placed upon the property of the Kentucky and Indiana Bridge Company for the purpose of taxation. Your respondents further allege, and they stand ready to prove, that, on account of said misrepresentations and statements and mistakes as to the amount of property of the Kentucky and Indiana Bridge Company in the jurisdiction of the state of Indiana, this erroneous and unjust and unlawful assessment was placed upon the property of said company. Your respondents further state that said facts were placed before said board of equalization, and that said Kentucky and Indiana Bridge Company protested against any part of its property south of the low-water mark on the north bank of the Ohio river being considered in the valuation of its property for taxable purposes, but that in defiance of the rights of the Kentucky and Indiana Bridge Company, and owing to the persuasions and representations of said member of said board of equalization residing in New Albany, said state board of equalization, in the beginning of said valuation, as above set forth, was induced to place such excessive, erroneous, unjust, and unlawful valuation upon the property of the Kentucky and Indiana Bridge Company for the years 1891-2-3. Respondents further state that said property, either actually or relatively, was of no greater value than $45,000; that they have offered to pay, and do hereby again offer to pay, to the county and state aforesaid, taxes for 1891, 1892, and 1893, on said valuation of $45,000; and that taxes on said amount is all that should be placed by this court upon this property for the years above named." The intervening petitioner thereupon moved to strike out the paragraphs of the answer quoted, upon the ground that each of said paragraphs states matters, and only matters, impertinent and irrelevant, and in no way material to the defense of the petition. The court sustained the motion, and struck out the paragraphs referred to; and the receivers withdrawing all other defenses stated in their answer, and electing to stand upon and abide by their exception to the order and ruling of the court sustaining the intervening petitioner's exception to, and motion to strike out, the paragraphs referred to, and refusing to answer further, the court decreed that the receivers pay to the intervening petitioner the amount of taxes shown to be due by the intervening petition, from which decree this appeal is taken. The case is reported as Youngstown Bridge Co. v. Kentucky & I. Bridge Co. (Treasurer of Floyd County, Intervener), 64 Fed. 441.

Bennett H. Young, for appellants.

W. H. H. Miller, F. Winter, J. B. Elam, and E. B. Stotsenburg, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after statement of the facts, delivered the opinion of the court.

The action of the state board of equalization in the assessment of the property of the Kentucky & Indiana Bridge Company is attacked upon the ground that it was illegal, unfair, unjust, and inequitable; that the amount of property belonging to the company in the state of Indiana was unfairly and improperly represented to the board, and

by reason of such unfair, improper, and incorrect representations the value placed thereon was largely in excess of its fair and just valuation; that the board was led to believe, and did believe, that the property to be assessed, and that was assessed and considered, in the valuation of the property, was to the channel of the Ohio river on the Kentucky side; that the board held that the property of the company, for the purpose of valuation, should be held to extend to Sand Island, in the Ohio river, near the Kentucky shore; whereas, as is asserted by the answer, it only extended, for the purposes of valuation and taxation in the state of Indiana, to low-water mark on the Indiana side; that the members of the state board were misled by misrepresentation, and that such valuation was made through mistake and error as to the amount of property belonging to the company in the state of Indiana, and, by reason of such misrepresentation, property of only $45,000 in value was assessed of the value of $200,000.

It is, no doubt, true, as urged by the counsel for the appellants, that a judgment pronounced by a tribunal having no authority to determine a matter in issue is necessarily and incurably void, and that such want of jurisdiction may be shown in any collateral or other proceeding in which it is drawn in question. That principle, however, has no proper relation to the case in hand, because it is undenied and undeniable that the board of equalization had the power to assess, and the state of Indiana and the county of Floyd had lawful right to tax, the property of the bridge company lying within the county of Floyd. The officers of the board of equalization, in estimating the value of property for taxation, act judicially. Their judgments in cases within their jurisdiction, in the absence of fraud, are not open to collateral attack. They can only be impeached in a direct proceeding. Stanley v. Supervisors, 121 U. S. 535, 550, 7 Sup. Ct. 1234. This immunity from collateral attack is applied not merely to courts of inferior jurisdiction, but to the numerous special tribunals through which the authority of the state is exercised. City of Ft. Wayne v. Cody, 43 Ind. 197; Ricketts v. Spraker, 77 Ind. 371; O'Boyle v. Shannon, 80 Ind. 159; Garvin v. Daussman, 114 Ind. 436, 16 N. E. 826; Jackson v. Smith, 120 Ind. 520, 22 N. E. 431; Railroad Co. v. Soice, 128 Ind. 105, 27 N. E. 429; Railroad Co. v. Sutton, 130 Ind. 405, 30 N. E. 291; Patoka Tp. v. Hopkins, 131 Ind. 142, 30 N. E. 896; Cole v. State, 131 Ind. 591, 31 N. E. 458. Here there is no suggestion of fraudulent conduct upon the part of the board of equalization. Its officers were charged with the duty of assessing the value of the property of the bridge company lying within the state of Indiana. They did not seek or attempt to make any assessment upon property without the boundaries of the state. It was their duty to ascertain the extent of the property of the bridge company lying within the state, and to declare its fair value. It is, in effect, charged that they committed an error of judgment, being misled to believe that the boundary line of the state was below low-water mark in the Ohio river, and so placed upon the property lying within the state a greater valuation than they otherwise would have done; in other words, that, through a mistake of fact and error of judgment, the property

of the bridge company lying within the state was excessively valued. The board of equalization had, however, jurisdiction of the subject-matter, and, as observed by Chief Justice Ryan, "had jurisdiction to commit the error"; and its determination, however erroneous, cannot be impugned collaterally.    Jurisdiction existing, any order or judgment is conclusive in respect of its own validity in a dispute concerning any right or title to be derived through, or anything done by virtue of, its authority.    It is true that, with respect to these special tribunals for assessment of property, evidence of excessive valuation is sometimes admitted; but it is so received in connection with other testimony to establish a charge of fraudulent conduct on the part of the board.    Railroad Co. v. Backus, 154 U. S. 421–435, 14 Sup. Ct. 1114.    Here, however, there is not only no imputation of fraud, but any such suggestion is refuted by the assertion of the answer that the over-valuation was made through mistake or error.

The law of Indiana does not seem to afford a remedy to the property owner by review of the action of the board of equalization to avoid an assessment unjust because above the real value of the property.    The board met at stated times, regulated by law, and all parties in interest had the right to appear before the board, and to be heard; and, as matter of fact, the bridge company appeared before the board, and was heard.    This is sufficient to meet the constitutional requirement that one shall not be deprived of his property without due process of law.    Paulsen v. Portland, 149 U. S. 30, 13 Sup. Ct. 750.    It is not essential that a right of appeal to the courts should be provided.

We are of opinion that the decree appealed from must be affirmed.

SHOWALTER, Circuit Judge (dissenting).    Appellee stated in his petition:

"That there is due from said Kentucky and Indiana Bridge Company, * * * for state and county taxes to said Floyd county and state of Indiana, $5,693.12. That said taxes were assessed against the following property of the Kentucky and Indiana Bridge Company within said Floyd county, to wit: For the years 1891, 1892, and 1893 on $35/100$ miles of first main track, $175,-000; on $12/100$ miles of second main track, $30,000; on $35/100$ miles of rolling stock, $1,050; and on improvements on right of way, $180.00,—the same being the property of said company, situated within the state of Indiana, said county, and north of low-water mark of the Ohio river. Said taxes are as follows [alleging $1,717.55 to be the amount for 1891, $2,140.12 for 1892, and $1,835.45 for 1893]."

Appellants filed an answer, consisting of 16 paragraphs.    Of these, the first 8 were stricken out on appellants' motion; the remainder, by the court.    At law, a defective declaration may be aided by adverse pleadings.    In chancery, as I understand, the decree must be supported by the bill or petition.    The order appealed from here must, in any event, therefore, be supported by the petition.    If, in debt on a judgment, plaintiff should aver in his declaration that at a certain time he obtained a judgment against the defendant for a certain sum, without stating what court, or that any court or judicial officer, rendered such judgment, such declaration would be ill.    Here it is averred that appellee is treasurer of Floyd county, but not that

the board of tax commissioners (called in the statement of facts the "State Board of.Equalization") or any authority known to the law made the assessment on the property described. I do not well see how, upon the document filed by appellee, as shown in this record, any decree against appellants can be supported.

In the averments of the answer stricken out by the court, appellants stated, in substance, that the property in question lay across the state line, very much the larger portion being in Kentucky. Their proposition is that a valuation or assessment by the Indiana board of tax commissioners upon a piece of real estate which crosses the territorial limit of Indiana is void. Assuming that part of the tract here in question is in fact in Kentucky, then there was no valuation or assessment on the other portion, and the alleged tax is void. On the other hand, while the taxing authority mu.. oftentimes, in order to identify a tract of land for purposes of assessment, determine for itself where the state line is, yet such determination is not, and from the nature of the case cannot be, conclusive. It is out of the question to say that a taxing agent deriving authority from Indiana can fix a tax lien on land in Kentucky, or that the status of a piece of land, as being in one state or the other, is conclusively determined by the finding of any taxing agent in either state. The ruling of the board of tax commissioners upon its own jurisdiction is not conclusive. I think appellants were entitled to a hearing upon their averment that land on the southern side of the state line was considered in the assessment. Railroad Co. v. Backus, 154 U. S. 435, 14 Sup. Ct. 1114, seems to sustain this view of the case.