A. B. JUDSON ET AL., Appellants, v. B. T. AGAN, County Auditor, Appellee.

**Injunction:** APPORTIONMENT OF SCHOOL FUNDS. The courts will not enjoin a county auditor, in an action brought against him only, from making an apportionment of school taxes based on the pupilage reported by the county superintendent; since in so doing he is performing a purely ministerial duty commanded by the statute.

*Appeal from Mills District Court.—* HON. O. D. WHEELER, Judge.

MONDAY, MAY 20, 1907.

ACTION in equity for an injunction. A demurrer to the petition was sustained, and the plaintiffs appeal.— *Affirmed.*

*E. A. Cook* and *H. J. Baird,* for appellants.

*Jno. Y. Stone* and *E. B. Woodruff,* for appellee.

BISHOP, J.— The plaintiffs are residents and taxpayers of Mills county, and the defendant is the auditor of said county.    After pointing out the duty of the county auditor in respect of the making apportionment of the permanent and temporary school funds among the several school districts of the county, it is alleged in the petition that during the year 1904 the independent school district of Glenwood, through its proper officers and in manner as required by statute, made and returned an enumeration of the children of school age in that district; that said enumeration as made was false, fraudulent, and illegal, for that included therein was a large number of children who were inmates of the Institution for Feeble-Minded, and hence wards of the State.    The allegation follows that the defendant county auditor is about to make apportionment of the school funds of the county on the basis of the enumeration so made, and it is to restrain such action that the injunctional decree is prayed.

We think the demurrer was properly sustained; and this is so, irrespective of whether the inmates of the State institution were or were not properly included in the enumeration — a question we do not feel called upon to decide. By statute (Code, section 2765) it is required of the secretary, respectively, of every school township or district, that he report each year to the county superintendent of schools, among other things, " the number of persons, male or female, in the corporation of school age;" that is, between the ages of five and twenty-one years.    By Code, section 2739, it is made the duty of the county superintendent to " file with the county auditor a statement of the number of persons of school age in each school township and independent district in the county.".    And by Code, section 2808, it is required of the county auditor that he shall at stated times " apportion the school tax," etc., " among the several corporations therein, in proportion to the number of persons of school age, as shown by the report of the county super-

intendent filed with him for the year immediately preceding." Now, it is plain from the reading of these provisions of statute, by which alone the situation is controlled, that the auditor is vested with no discretionary powers. He is charged simply with the performance of a ministerial duty, and the command of the statute admits of no variance or omission. Surely there is no authority on the part of the courts to interfere with the performance by a public officer of a ministerial duty enjoined upon him in express language by statute; the action being against him alone, and it being conceded that, in proceeding, such officer is acting in exact compliance with the statute. Here, as it plainly appears, the action is in the nature of a collateral attack upon the enumeration made and returned to the county superintendent. And this is so because the wrong done, if such there was, had its origin with the taking of the census by the district secretary. The auditor had no power to sit in review upon the return made by such secretary to ascertain its correctness. He had no power, either to make changes therein according as might be suggested by his sense of right, or to order a re-enumeration. His duty was simply to accept the report of the superintendent, and make apportionment in accordance therewith. It is not possible to find warrant in this situation for interference with the auditor. Whatever relief, if any, plaintiffs may be entitled to, must be sought in some other proceeding. As lending support to our conclusions, see *Township v. Carey,* 27 N. J. Law, 377; *Young v. State,* 138 Ind. 206 (37 N. E. 984).— *Affirmed.*