PEDEN ET AL. *v.* BOARD OF REVIEW OF CASS COUNTY.

[No. 26,306.   Filed April 12, 1935.]

Thomas J. Peden, John S. Lairy, Thomas C. Bradfield, and *George A. Gamble,* for appellants.

*Hillis & Hillis,* for appellee.

HUGHES, J.—The appellants filed their written complaint or petition June 25, 1932, with the Cass county board of review, then in session, in which complaint or petition they alleged that the amount of the appraisement made for tax purposes was in excess of the actual cash value of said real estate. The appellee, board of review, gave appellants a hearing on their petition July 1, 1932, and denied the reduction asked for except to the extent of $850.

The appellants appealed from the decision of the board of review to the Cass Circuit Court. The county auditor of Cass county, pursuant to section 14191.1, Burns Supp. 1929, §64-1020, Burns 1933, §15686, Baldwin's 1934, prepared and filed a transcript of the proceedings had before said board of review in the Cass

Circuit Court on July 25, 1932, as a cause of action pending therein on appeal thereto from the decision of the board of review.

The appellee filed a demurrer to the complaint or petition of the appellants on the grounds: (1) For want of jurisdiction of the court of the subject matter of appellants' action, and (2) for want of facts alleged in the complaint or petition to constitute a cause of action.

The demurrer was sustained and, the appellants refusing to plead further, judgment was rendered for appellee.

The errors relied upon for reversal are as follows: (1) The court erred in sustaining appellee's demurrer to the complaint of appellants for want of jurisdiction; and (2) the court erred in sustaining appellee's demurrer to appellants' complaint for want of facts and rendering judgment on demurrer.

Section 14191.1, Burns Supp. 1929, §64-1020, Burns 1933, §15686, Baldwin's 1934, Acts 1927, ch. 91, sec. 2, p. 233, upon which this appeal is predicated is as follows:

"The owner of any property hereafter assessed for taxation, or against or on which any tax may be sought to be collected, shall have the right of appeal from the action of the county board of review or any other board authorized to fix the value of property for taxation, including the state board of tax commissioners, to the circuit or superior court of the county in which said property is situated. Appeals may be consolidated, at the request of the appellants, in order to save the expenses thereof when it can be done in the interest of justice, such appeals to be taken by filing a written notice, asking for such appeal, with the board of review or the state board of tax commissioners, as the case may be, at any time within ten (10) days from and after said county board of review or said state board of tax commissioners finally make and adopt said valuation, fixing the value of any such prop-

erty for purposes of taxation. Upon such appeal being asked for, it shall be the duty of the county auditor, in the case of appeals from the county board of review, and the secretary of the state board of tax commissioners, in cases of appeal from said state board, to make out and certify to a complete transcript of the proceedings, not including the evidence, had with respect to the property of the person so appealing and transmit the same to the clerk of the circuit or superior court in the county in which said property is located, designated by the appellant. Such appeal shall be tried by the court without the intervention of a jury, and said trial of such issue shall be governed by the laws governing civil actions."

The complaint of appellants, omitting caption and description of the real estate, is as follows:

"That said real estate has been appraised by the assessor of Eel Township, Cass County, Indiana, for the purpose of taxation, as follows: $8,350.00 on the land; $7,500.00 on the improvements, making a total value of said real estate for the purpose of taxation the sum of $15,850.00. That the above described real estate is appraised for the purpose of taxation in excess of its actual cash value, and thereby a great hardship is worked upon said owners thereof.

"Wherefore your petitioners respectfully pray that the appraisement of said real estate for the purpose of taxation in the discretion of the board be reduced to its actual cash value."

It is the theory of the appellants that under the law, as above set out, they had the constitutional right to appeal from the board of review to the Cass Circuit Court, and have that court hear and determine the value of their property for the purpose of assessment. The appellee denies this power of the court over assessments, and contends that the power of taxation belongs exclusively to the legislative department of government, and is not a judicial function; and therefore the aforesaid provision of the taxing law is unconstitutional.

If the contention of appellants is tenable, then the courts are clearly made assessing officers, not as an incident to some judicial function, but independent thereof. We can not assent to this theory of the law. There is a proper place, to which we will refer later, in the scheme of taxation for our courts, but not to the extent that they become assessing officers.

Section 1, Art. 3, of the Constitution of Indiana provides:

"The powers of the Government are divided into three separate departments; the Legislative, the. Executive, including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

As early as 1856, *Wright* v. *Defrees and Others*, 8 Ind. 298, 302, it was held that, "The powers of the three departments are not merely equal,—they are exclusive, in respect to the duties assigned to each. They are absolutely independent of each other." This being true, it is obvious that the power, duties and office of the assessing powers, which is a legislative and administrative function, can not bodily be transferred to the judicial department of the government where no judicial question is involved. If, under the section of the act in question, any taxpayer who feels that his property is assessed too high may, for this reason alone, appeal to the circuit court, and there have a reappraisement made, then under such a construction of the law it would clearly appear that the courts would, in effect, become assessing officers where no judicial question was involved, and invade another department of government, although distinctly prohibited by the Constitution. If one taxpayer who believes that his property is valued in excess of its cash value may appeal and have the court fix the value, then every taxpayer of the taxing district

who believes likewise may appeal, and, in densely populated taxing districts, the entire time of the court would be taken in making assessments and fixing values, where no judicial questions were involved, but merely questions relating to legislative and administrative functions.

The taxing power is a legislative function, and the fixing of levies, the assessment of property and collection of taxes is generally considered and spoken of as administrative action which is an incident of the legislative power. As said in the case of *Symns* v. *Graves* (1902), 65 Kansas 628, 636, 70 Pacific 591:

> "Matters of assessment and taxation are administrative in their character and not judicial, and an interference by judges who are not elected for that purpose with the discharge of their duties by those officers who are invested with the sole authority to make and estimate value is unwarranted. The district court could not substitute its judgment for that of the board of equalization and this court can not impose its notion of value on either."

In the case of *Silven* v. *Board of County Commissioners* (1907), 76 Kansas 687, 92 Pacific 604, we find a state of facts practically the same as presented in the instant case. The law of Kansas provided that an owner of real estate might appeal from the equalization board relative to the taxable value of his real estate to the district court. The trial court held that the act attempted to make the district courts share in the exercise of the taxing power and to confer upon the courts legislative and administrative functions with which they could not be constitutionally vested. In passing upon the question involved the court said (p. 689):

> "The power of taxation is a legislative function. It is the province of the legislature to determine the subject and extent of taxation, and to provide the means and agencies for enforcing it. In the absence of constitutional restrictions, the taxing

power of the legislature is supreme and complete, and nothing in that instrument justifies a division of that power with the judiciary. Of course, if the legislature should violate a constitutional limitation in the enactment of a tax law, the judicial power of the courts might be invoked to determine its validity and prevent its enforcement. And, if the officers or agencies provided by the legislature for administering the tax laws were not proceeding in a legal manner, their hands might be stayed by appropriate proceedings in court; and it is doubtless competent for the legislature to provide that any invalidity in tax proceedings shall be tested or any controversy arising from the unlawful actions of officers in administering the tax law shall be tried in the courts in either original or appellate proceedings. These matters, however, are purely judicial in their nature, and are wholly apart from the taxing power vested in another department of the government which can not be delegated to or exercised by the courts. An assessor appointed under the law to place a valuation on property for purposes of taxation is an administrative officer, and, while his act in assessing property is administrative, it is in fact an incident to the legislative power of taxation."

Again, in the case of *Auditor* v. *Atchison T. & S. R. R. Co.* (1870), 6 Kansas 500, 507, the court said:

"The assessment of the property of the State, being then an incident to the taxing power, which is wholly legislative and not judicial, may well be ascertained by agents appointed under the law; but in no sense under our Constitution can such agents be considered judicial officers. It is true that their duties require of them judgment and discretion; but this is also true of most of the duties of ministerial and executive officers, but this does not make them judicial officers, nor constitute them courts, or render their conclusions judicial acts; and not being such, it follows from what has been heretofore said, that there can be no appeal from the decisions of such agents to this court. . . ."

In the case of *People* v. *Elmwood Cemetery Co.* (1925), 317 Ill. 547, 549, 148 N. E. 273, the court said:

"Courts have no power to fix the value of property for taxation. That matter is not open to supervision of the judicial department of the State, unless it is so excessive as to amount to fraud. A court may defeat a fraudulent assessment, but it can not establish one in its stead."

The appellants refer to appeals from the board of county commissioners, appeals in drainage and street assessments, as establishing his right to an appeal in the instant case. It is true that many actions are appealable from the board of county commissioners, but such actions are judicial and taken when the board of commissioners is acting as a court. If the board of commissioners is performing a judicial act, then under the statute there is a right to an appeal, but if the act is merely a ministerial act, then there is no right to an appeal unless expressly granted. *Hastings* v. *Board of Commissioners of Monroe County* (1933), 205 Ind. 687, 188 N. E. 207. In a drainage proceeding the petition must describe the land of each owner which petitioner believes will be affected by the proposed drainage and the names of the owners; that he believes the public health will be improved and/or that one or more public highways of the county and/or a street or streets within the corporate limits of a city or town will be benefited by the proposed drainage, and/or that the proposed work will be of public utility; and the petitioner must state the method by which it is believed such drainage can be accomplished in the cheapest and best manner; and that the costs, damages, and expense of such drainage will be less than the benefits to the owners of the land. The proceedings relative to street improvements are similar to the drainage proceedings. The distinction between such proceedings and placing a value upon property is clear and distinct. In drainage and street improvement proceedings the judicial power of the court is appealed to; de-

cisions must be made and judgments rendered upon evidence submitted upon the allegations contained in the petition. This is not true where the value of property is fixed by the assessor or by the board of review. Neither is required to call in witnesses and hear evidence. Either the assessor or the board of review may inspect the property, if they do not already know it, and place a value upon it as their honest judgment dictates. If the party aggrieved is not satisfied with the value placed upon the property by the assessor, he may appeal to the county board of review; and, if not satisfied with the value fixed by the county board of review, he can then appeal to the state board of tax commissioners. In this manner the party aggrieved has the judgment of three assessing departments of the taxing government, and, if there was no fraud, but an honest appraisement made, we think the value as fixed is final.

In the case of *Fesler, Auditor, et al.* v. *Bosson et al.* (1920), 189 Ind. 484, 493, 128 N. E. 145, relative to the state board of tax commissioners, the court said:

"The decision of the state board in making assessments within the scope of its authority is final, except under circumstances where relief may be granted by the courts."

In the instant case the appellants did not appeal to the state board, but only to the county board, and the same rule would apply.

Under what circumstances may relief be granted by the courts in the assessments fixed by an assessor, the county board of review or the state board of tax commissioners? Relief may be had if fraud is shown on the part of any of the parties in fixing the value; if it is shown that it was not honestly appraised, but the value was fixed arbitrarily and capriciously, and not in proportion to other property of like character and situation. If the law, under which the

taxing officers were operating, was invalid and unconstitutional, the party complaining would have the right to appeal to the courts for relief, and other instances that might be mentioned. All of the above illustrations would call for judicial action, and could be brought before the courts in a proper proceeding, although there had been no statute authorizing an appeal. *Shideler, Auditor* v. *Martin* (1922), 192 Ind. 574, 136 N. E. 1, 137 N. E. 528.

One of the early cases bearing upon the question involved is that of *Rhoads et al.* v. *Cushman, Auditor* (1873), 45 Ind. 85. In this case the court announced the rule that a circuit court can not, on the complaint of taxpayers, control, reduce, or enlarge the amount of assessments as fixed by the state board of equalization, where the board was properly constituted, and when no fraud, but only a mistake, is charged on the part of a taxpayer; that the state board is the final arbiter, if it is legally organized and acts honestly and without fraud. The court said, "It is an administrative and not a judicial question."

In the case of *Hart et al.* v. *Smith et al.* (1902), 159 Ind. 182, 193, 194, 64 N. E. 661, the court had before it the question of assessing the "good-will" of a newspaper for the purpose of taxation. In discussing the question as to the value of the shares of stock, the court said:

"Counsel evidently rely upon the averment that the shares of stock 'have no market value and no actual value.' If this were true, we admit that such shares ought not to be taxed. But whether they had or not is a question of fact that the state board —a body having *quasi* judicial powers—was required to determine; and if, without fraud, that body has determined that such shares had a value, then this court has no power to review such conclution. . . . The state board may have made a mistake of fact in determining the value of such shares

of stock, but we can not relieve on that ground alone."

Many cases are cited to sustain the foregoing statement and among them are the cases of *Burton Stock. Car Co.* v. *Traeger* (1900), 187 Ill. 9, 12 58 N. E. 418, and *McLeod* v. *Receveur* (1896), 71 Fed. 455, 18 C. C. A. 188. In the Burton Stock Car Co. case, *supra,* the court said:

> "The determination of the value to be fixed on property liable to be assessed 'is not, in the absence of fraud, subject to the supervision of the judicial department of the State.' "

In the case of *McLeod* v. *Receveur, supra,* an assessment was attacked on the ground that a bridge over the Ohio river was assessed at $200,000 when its real value was only $45,000. Among other things, the court said (p. 459):

> "It is true that, with respect to these special tribunals for the assessment of property, evidence of excessive valuation is sometimes admitted; but it is so received in connection with other testimony to establish a charge of fraudulent conduct on the part of the board."

In the case of the *Cleveland, Cincinnati, Chicago & St. Louis Railway Company* v. *Backus, Treasurer* (1893), 133 Ind. 513, 33 N. E. 421, a suit was brought by the appellants against the appellee to enjoin the collection of taxes assessed against appellant by the state board of tax commissioners of Indiana, and relative to the power of courts said (p. 542):

> "The court can not inquire into the evidence upon which the board made its assessment and determine as to whether such board arrived at a just valuation or not. The board has passed upon that question, and with its adjudication the matter ends."

The court in this case, however, recognized that the assessment might be set aside by reason of fraud, but as the court remarked, it was not being attacked on the ground of fraud. The same is true in the instant case.

See *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company* v. *Backus, Treasurer* (1893), 133 Ind. 625, 652, 653, 33 N. E. 432.

As to the power of courts to review assessments or valuations, this court in the case of *Board of Commissioners of the County of Johnson* v. *Johnson et al.* (1909), 173 Ind. 76, 83, 89 N. E. 590, said:

"The true rule, as we conceive it to be, is that where the question is one of valuation, or of determining the extent of the property in relation to other property of which it may form a part in fixing a valuation, in the absence of fraud, the action of the State Board of Tax Commissioners is final; but where there is an arbitrary selection of the property to be taxed, in violation of the Constitution or the statute, the act is beyond the jurisdiction of the board and is subject to review by the courts." (Citing a long list of cases.)

If, as the foregoing cases hold, the action of the state board of tax commissioners is final as to the valuation or appraisement, except where there is fraud or where there has been an arbitrary selection of property to be taxed in violation of the Constitution, so likewise would be the action of the county board of review, where, as here, no appeal was taken from that board to the state board.

It is to be observed in the instant case that there are no allegations of fraud, actual or constructive, in making the assessment or appraisement of the property; no allegation that the property was not subject to taxation or that the value was fixed arbitrarily, capriciously, and dishonestly, and not in proportion to the value as placed upon other property of like character and situation. The complaint is based alone upon the proposition that the value fixed was in excess of its cash value.

We are asked by the appellee to declare section 14191.1, Burns Supp. 1929, §64-1020, Burns 1933,

§15686, Baldwin's 1934, unconstitutional. It is ■ the duty of this court to uphold rather than to strike down an act of the legislature if it can be done within the rules of law. We think in the instant case it can be.

The act purports to give a right of appeal from the county board of review or any other board authorized to fix the value of property for taxation, includ- ■ ing the state board of tax commissioners, to the circuit or superior court of the county in which said property is situated. In our judgment "the right of appeal" means an appeal where there is a judicial question presented in a proper proceeding and that it does not mean to give a right of appeal under facts as presented in the instant case. If, as heretofore stated, facts are presented in a proper proceeding, which shows fraud, corruption, dishonesty and capriciousness on the part of the one fixing the value, or if it is shown that the law, under which the value is fixed, is invalid and uncon- stitutional, then there would be the right to appeal to the courts on the part of the party aggrieved.

It may be said under this construction of the act that nothing new is given, and that it is merely declaratory of what the law was at the time of its enactment. It does more than this, however. It specifically provides the method by which the appeal may be taken, and the time in which it may be taken. Heretofore, there was no such provision. Moreover, the act in question merely gives the right to an appeal and in no place does it spe- cifically give the court the right to place a value on the property for the purposes of taxation as an assessor or board of review would do under the duties of their office.

We are clearly of the opinion that the demurrer of appellee for want of facts sufficient to constitute a cause of action was properly sustained.

Judgment affirmed.