STATE BOARD OF TAX COMMISSIONERS ET AL. *v.* JAY COUNTY FARM BUREAU COOPERATIVE ASSOCIATION ET AL.

[No. 26,325. Filed December 20, 1935.]

*Philip Lutz, Jr.,* Attorney-General, *Edward Barce* and *Joseph W. Hutchinson,* Assistant Attorneys-General, for appellants.

---

*William Bosson, Harvey B. Hartsock, James J. Moran* and *Frank B. Jaqua,* for appellees.

TREMAIN, J.—On October 17, 1932, the appellees filed a complaint in the Jay Circuit Court against the appellants, the State Board of Tax Commissioners, and the Auditor and Treasurer of Jay County. The complaint alleged that the plaintiffs, appellees herein, were residents and owners of real estate, in said county, situated outside of incorporated cities and towns; that appellees filed the action in said court upon their own behalf and upon behalf of numerous other resident freeholders of said county similarly situated; that the real estate of the appellees had been duly and truly assessed and valued for taxation by the officials of both the townships and the county; that the officials who made said assessment and appraisement were duly elected and qualified as provided by statute, and that the assessments and appraisals made by them were duly and legally made at the full, true cash value; that thereafter, on August 12, 1932, such proceedings were had that the State Board of Tax Commissioners made an order raising the valuation ten per cent (10%) on all of said real estate in said county, from which order the appellees demanded an appeal from the State Board of Tax Commissioners to the Circuit Court of Jay County, and requested the State Board to transmit a transcript of such proceedings; that the State Board of Tax Commissioners refused to transmit said transcript upon the ground that it had been advised by the Attorney-General that Section 2 of Chapter 91 of the Acts of 1927, providing for such appeal, was unconstitutional.

The complaint among other things alleged that the State Board of Tax Commissioners acted without giving legal notices to the land owners as required by statute; and that the said board fixed a value upon said land which was unlawful and illegal, and was more than the

true cash value thereof, and was more than other land of equal value and fertility, similarly situated.

The complaint further alleged facts broad enough, if proved, to warrant a judgment by the court enjoining the auditor and treasurer from placing the appraisement of the tax board upon the tax duplicates and from collecting the taxes. It was alleged that by reason of such order, plaintiffs were irreparably injured, and that they had no other adequate remedy at law. Wherefore, the plaintiffs prayed the court to hear and determine the appeal from the State Board of Tax Commissioners as provided by statute, and to declare as null and void the attempted valuation made by the State Board of Tax Commissioners at more than the full, true cash value, "and for all and further relief which the court deems equitable in the premises." The complaint was verified.

Summons was thereupon issued to the defendants in said action and made returnable November 1, 1932. The record discloses that no further action was taken in the Jay Circuit Court until February 2, 1933, when the regular judge disqualified himself and the Honorable Alonzo L. Bales, Judge of the Randolph Circuit Court, by agreement of the parties, was named to try the case. Thereupon, and upon the same date, the State Board of . Tax Commissioners filed a written motion to dismiss said appeal upon the ground that,

"Said Section 2 of Chapter 91 of the Acts of the General Assembly of 1927, under and pursuant to which the petitioners purport to proceed, is unconstitutional and void for the following reasons:

"(1) Because said Section 2 of Chapter 91 of said Acts is in violation of Section 1, Article 3, of the Constitution of Indiana, in that it purports to confer upon the court the purely legislative duties of assessing officials and boards.

"(2) The assessment of property for purposes of taxation is a purely legislative function and said

Section 2 of Chapter 91 attempts to delegate to the circuit and superior courts of the State legislative powers in violation of Section 1, Article 3 of the Constitution of Indiana."

The record discloses that said motion to dismiss was submitted to the court on that day. The court took said cause under advisement, and on the 20th day of February, 1933, the following order was made in said court:

"Come now the parties in the above entitled cause by counsel and the court now overrules the defendants' motion to dismiss the appeal, to which ruling of the court the defendant by its attorneys at the time object and except and have its exceptions noted in the minutes of the court in this cause.

"Comes now the parties by counsel and present to the court a transcript from the State Board of Tax Commissioners and show the court that said transcript was filed by said State Board of Tax Commissioners, with the clerk of the Jay Circuit Court, on the 29th day of December, 1932, and now by agreement of all the parties of this action, said transcript is now again filed in this cause now as of said date December 29, 1932, and reads in words and figures as follows, to-wit:"

Following this order, the transcript from the State Board of Tax Commissioners is set out in full in the record filed in this court.

Afterwards, on the 18th day of March, 1933, the court entered judgment against the appellants and in favor of the appellees. Judgment was entered against the county treasurer and auditor upon default. The finding and judgment recite that the motion to dismiss had been theretofore overruled, and that said section of the statute, providing for an appeal, was held to be constitutional; that "said defendant State Board of Tax Commissioners having refused to plead further and electing to base its defense in this proceeding solely upon the constitutionality or unconstitutionality of Section 2 of Chapter 91 of the Acts of the General Assem-

bly of Indiana in the year 1927, and this cause having been submitted to this court, and to Honorable Alonzo L. Bales, who was selected by agreement of parties . . . to act as judge herein, and the court having *heard evidence* and being duly advised in the premises, now finds as follows: (1) that the defendant State Board of Tax Commissioners of Indiana had not complied with the provisions of law in such case applicable and necessarily precedent to the making of an order of the nature and kind of the one dated August 12, 1932, and herein appealed from; (2) that said defendant was without jurisdiction to make and enforce the said order; (3) that the said order is invalid and void; (4) that Section 2 of Chapter 91 of the Acts of the Indiana General Assembly in the year 1927, is constitutional and valid."

Upon the foregoing finding, the court rendered judgment to the effect that the defendants be permanently enjoined "from enforcing or attempting to enforce an order, or purported order, of said board dated August 12, 1932, placing or attempting to place, an increase of ten per cent (10%) above the valuations or assessments made for the year 1932, by Jay County taxing officials"; and the auditor and treasurer of said county were enjoined from entering said increased valuation upon the records and collecting taxes on account of said ten per cent (10%) increase.

An appeal was thereupon prayed to this court by the State Board of Tax Commissioners. The question presented to this court, or attempted to be presented, is the overruling of the appellants' motion to dismiss appellees' appeal filed in the Jay Circuit Court, upon the ground that Section 2 of Chapter 91 of the Acts of 1927 is unconstitutional.

Since the sole question for this court to decide is one of the constitutionality of the act above mentioned, reference is made to the recent case, decided by this

court April 12, 1935, *Peden et al.* v. *Board of Review, etc.* (1935), 208 Ind. 215, 195 N. E. 87, in a well considered and exhaustive opinion written by Hughes, J. It was held that where a judicial question is involved, the statute is constitutional and valid. It is charged that the State Board of Tax Commissioners did not give notices required by statute. The State Board of Tax Commissioners asked that the appeal be dismissed because the statute providing for an appeal was unconstitutional. The charge that the Board had failed to give legal notices presents a judicial question, and the lower court would not have been justified in dismissing the appeal upon motion. The Peden case, *supra,* clearly holds that where there are judicial questions, an appeal lies, and that the statute is constitutional.

This court is ever mindful of the three separate, coordinate, and independent governmental divisions of power, as defined in Section 1, Article 3, of the Constitution, and of the rules of construction of statutes, which questions are fully discussed in the Peden case.

Under the facts in the case at bar and the manner in which the question is presented to the court, and upon the authority of the Peden case, but one conclusion can follow: That is, the lower court did not err in overruling appellants' motion to dismiss appellees' appeal.

Judgment affirmed.