FADELL, ASSESSOR *v.* KOVACIK, AUDITOR ET AL.

[No. 30,185. Filed March 27, 1962.]

*Orval W. Anderson* and *John Kappos*, both of Gary, for appellant.

*Edwin K. Steers*, Attorney General and *Lloyd C. Hutchinson*, Assistant Attorney General, for appellees, State Board of Tax Commissioners.

ARTERBURN, J.—This appeal comes to this court by reason of transfer under the provisions of §4-217, Burns' 1946 Replacement. It involves a controversy between the appellant, Calumet Township Assessor, and the State Board of Tax Commissioners over an assessment for tax purposes made by the assessor of the property of the Village Shopping Center, Inc., an Indiana corporation, for the year 1959. Following the assessment and an appeal to the Lake County Board of Review, which approved the township assessor's valuation, the owner of the property appealed to the State Board of Tax Commissioners, which reduced the assessment. This disagreement between the township assessor and the State Board over the amount of the assessment is the cause of this controversy and appeal.

Without making the owner of the property (Village Shopping Center, Inc.) a party thereto, the appellant, Calumet Township Assessor, commenced an action in the Lake Circuit Court against the State Board of Tax Commissioners to have its assessment declared void and for an order requiring the Auditor of Lake County to enter on the tax duplicates the assessment made by the appellant, township assessor.

The State Board of Tax Commissioners made a motion to dismiss the action on the grounds:

1. The Lake Circuit Court had no jurisdiction over the subject matter of the action, since the time for any appeal from the action of the State Board of Tax Commissioners had expired, and for the further reason that only the property owner—not the township assessor—may take such appeal.

2. That there was a material and fatal defect of parties, since the owner of the property (Village Shopping Center, Inc.) was not a party to the action in the Lake Circuit Court and was materially affected thereby and was a real party in interest.

After due consideration, the action was dismissed by the Lake Circuit Court, from which judgment of dismissal this appeal is taken.

The appellants admit in their brief that:

> "The action here presented is without precedence in the State of Indiana, and to the appellant's knowledge no cases of other jurisdictions have decided the particular question presented."

The appellant further admits that Burns' §64-1020, 1951 Repl. (providing for appeals from the State Board) is not the basis of the action filed in this case. Burns' §64-1020, 1951 Repl. provides that the aggrieved property "owner" has the right to appeal within ten days from an adverse ruling of the State Board of Tax Commissioners. The appellant contends, however, as a public official, that he has a common law right to appeal against an adverse ruling of another state agency. We can find no authority in support of this statement and the appellant cites none. There is authority to the contrary which holds that where a statute provides for procedures for review it excludes the use of a common law or equitable procedure. *Pub. Ser. Comm. et al.* v.

*City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; 1 I. L. E., Adm. Law, §62, p. 191.

There are many contradictions and inconsistencies in the position which the appellant, township assessor, takes. First, it is obvious the Lake Circuit Court could not order the county auditor to ignore the assessed valuation, as finally fixed by the State Board of Tax Commissioners. The county auditor, under the statute, is directed to accept the final assessment of the State Board of Tax Commissioners and place it on the tax duplicates. He has no choice in such action. Burns' §64-1321, 1951 Repl.

Secondly, the property owner (Village Shopping Center, Inc.) was not made a party to the action brought by the appellant, township assessor, in the Lake Circuit Court. The property owner is a real party in interest, in fact, vitally interested in the final assessment and the subject matter of the action in the Lake Circuit Court. If the appellant, township assessor, were successful in the Lake Circuit Court in overturning the reduced amount fixed by the State Board of Tax Commissioners, the property owner would be directly prejudiced, although not a party to the action. Such a proceeding and attempted adjudication would run counter to all principles of the common law or equity. Statutory procedure in Indiana provides for making interested parties defendants where they are necessary to a complete determination of the controversy. Such action was not taken by the appellant, township assessor, in this case. Burns' §2-219; *Hutcheson* v. *Hanson* (1951), 121 Ind. App. 546, 98 N. E. 2d 688; 39 Am. Jur., Parties, §25, p. 884.

The statutory procedure for fixing final assessments for tax purposes (Burns' §64-1020, 1951 Repl.) is administrative in character. The township assessor is only a part of the administrative process in fixing assessments for taxation. He has no private or personal interest, and should have no interest as a township assessor, other than that which the State has. The State Board of Tax Commissioners likewise is a part of that administrative procedure. Both the township assessor and the State Board of Tax Commissioners are governmental instrumentalities, representing the State without any personal or private interests. *Peden et al.* v. *Board of Review of Cass County* (1935), 208 Ind. 215, 195 N. E. 87.

We find nothing in the Statutes which gives the township assessor the right to question the final decision of the State Board of Tax Commissioners, which board, under the statute, is given authority to make a final determination upon appeal, as here.

The appellant makes no allegation of fraud on the part of the State Board of Tax Commissioners in the complaint filed in the trial court here. *Peden et al.* v. *Board of Review of Cass County, supra.*

It is finally argued that the Lake Circuit Court did not have the power to sustain a motion to dismiss the case. We have said:

"It is well settled that a trial court has the inherent right to dismiss actions of which it has no jurisdiction, and we therefore hold that the question of the jurisdiction of the Superior Court of Marion County over the subject matter of the action in the case at bar could be procedurally tested by appellee's motion to dismiss." *Griffin Telephone Corp.* v. *Pub. Ser.*

*Comm. et al.* (1956), 236 Ind. 29, 31, 138 N. E. 2d 150, 151. For further authorities, see cases therein cited.

The other points raised we need not consider.

The judgment of the trial court, in dismissing the action, is affirmed.

Achor, C. J., and Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 228.