LENTZ, ETC., *v.* TRUSTEE OF INDIANA UNIVERSITY ET AL.

[No. 30,925. Filed December 21, 1966.]

Thomas A. Hoadley, of Bloomington, for appellant.

John J. Dillon, Attorney General, and Lloyd C. Hutchinson and James B. Droege, Deputy Attorneys General, for appellee, State Board of Tax Commissioners.

Snyder, Bunger, Cotner & Harrell, for. appellee, Trustees of Indiana University.

RAKESTRAW, J.—This is an appeal from the sustaining of a motion to dismiss the appellant's cause of action in the trial court.

In September, 1964, the Monroe County Board of Review, of which the appellant was president, determine that eight tracts of land owned by the appellees, the Trustees of Indiana University, were not tax exempt under the appropriate statutes of this state. Said trustees later petitioned the State Board of Tax Commissioners, and in April, 1965, the State Board allowed the tax exemption as to six of the tracts of land, disallowed the tax exemption as to one tract of land, and determined that one tract of land was partially exempt and partially non-exempt.

On May 26, 1965, the appellant, as Assessor of Monroe County, and the Monroe County Board of Review filed a complaint in the court below in two paragraphs seeking:

(1) An appeal from the Determination of the State Board of Tax Commissioners, and

(2) A Declaratory Judgment.

The appellees filed a motion to dismiss addressed to both paragraphs of complaint upon the ground that the court below did not have jurisdiction to entertain either an appeal from the Determination of the State Board of Tax Commissioners or a Declaratory Judgment, in view of the parties bringing the action and the issues involved in the case. The trial court sustained the motion to dismiss as to both paragraphs of complaint, and the appellant has appealed to this court the sustaining of the motion to dismiss only as it applies to the second paragraph of complaint which seeks a Declaratory Judgment.

While the arguments made in the briefs are somewhat long and involved, we believe that the determining issue in this case is the question of whether the appellant, in his capacity as county assessor, has any standing to maintain an action for Declaratory Judgment on a question of property tax exemption.

In the case of *Fadell, Assessor* v. *Kovacik, Auditor* (1962), 242 Ind. 610, 181 N. E. 2d 228, a township assessor sought a court review of a final determination of the State Board of Tax Commissioners. At page 615 of 242 Ind., this court stated:

> "The statutory procedure for fixing final assessments for tax purposes (Burns' § 64-1020, 1951 Repl.) is administrative in character. The township assessor is only a part of the administrative process in fixing assessments for taxation. He has no private or personal interest, and should have no interest as a township assessor, other than that which the State has. The State Board of Tax Commissioners likewise is a part of that administrative procedure. Both the township assessor and the State Board of Tax Commissioners are governmental instrumentalities, representing the State without any personal or private interests. Penden et al. v. Board of Review of Cass County, (1935), 208 Ind. 215, 195 N. E. 87.

"We find nothing in the Statutes which gives the township assessor the right to question the final decision of the State Board of Tax Commissioners, which board, under the statute, is given authority to make a final determination upon appeal, as here."

Thus this court has recognized that the State Board of Tax Commissioners in the final authority representing the state in the matters of taxation, and that in such matters a county or township assessor is an inferior representative of the state without the right to question decisions of the State Board.

The appellant argues in his brief that this case involves the determination of value for tax purposes, and that the question of exemption involves different legal issues. However, the relevant section of the statute concerning determination of exemptions is found in the Acts 1961, ch. 319, § 306, p. 897, being § 64-506, Burns' 1961 Replacement. This section reads as follows:

"The county board of review, after careful examination, shall also approve or disapprove each application for exemption and shall note its action thereon. If the county board of review approves such exemption, in whole or part, the same shall be noted by the county auditor upon the tax duplicate and such notation shall be notice to the county treasurer that the property therein exempted shall not be taxed for the current year unless otherwise ordered by the state board of tax commissioners. If such application is disapproved the county auditor shall notify the applicant by mail. The owner may file a petition for review of such determination by the state board of tax commissioners within thirty [30] days after the giving of such notice, and such petition shall be made in the same manner as other petitions for review of the action of the county board of review. The action of the state board of tax commissioners shall be final and conclusive."

It will be noted that in matters of tax exemption as well as matters of tax valuation, the State Board of Tax Commissioners is by statute given the authority to make the final determination. This final determination is in our opinion binding upon all inferior tax officials. It there-

fore follows that the appellant in his capacity as county assessor does not have an appropriate standing to bring a Declaratory Judgment action. It was therefore not error for the trial court to sustain a motion to dismiss the appellant's complaint.

In the case of *Fadell, Assessor* v. *Kovacik, Auditor, supra,* and in the case at bar, this court has dealt only with the standing of a township or county assessor to question a final determination of the State Board of Tax Commissioners. In our opinion, such an officer in his official capacity, cannot question such action. It is not necessary for us to decide at this time whether or not a taxpayer would have sufficient standing to question such final determination in view of the fact that granting exemptions would lower the tax base and increase the tax on other property within a county.

The judgment of the trial court is affirmed.

NOTE.—Reported in 221 N. E. 2d 883.