HARRIS BUILDERS, INC. *v.* THOMAS R. KOPP AND
ROSE MARY KOPP.

[No. 1-773A125. Filed June 10, 1974.]

*Forrest H. Lanning,* of Jeffersonville, *Robert E. Harris,*
of Jeffersonville, for appellant.

*Ronald R. Fifer, Fifer, Vogt, Hoodenpyl and Lanum,* of Jeffersonville, for appellee.

ROBERTSON, P.J.—Defendant-appellant, Harris Builders, Inc. (Harris) brings this appeal from a judgment granting specific performance of a contract for sale of real estate to plaintiff-appellees, Thomas R. Kopp and Rose Mary Kopp (Kopps).

After trial before the court, judgment was entered in favor of the Kopps. Harris filed a motion to correct errors alleging that the judgment was contrary to the evidence in that the evidence showed that the Kopps had not performed their part of the contract and, therefore, were not entitled to specific performance. Harris specifically contended that the evidence showed that the Kopps:

1. Refused to pay for extras installed at their request;
2. Refused to pay closing costs;
3. Failed to obtain a loan; and
4. Failed to make the $1640 downpayment when the house was under roof.

Harris brings this appeal from the overruling of his motion to correct errors. For the reasons discussed below we affirm the judgment of the trial court.

In appeals challenging the judgment as contrary to the evidence this court conducts a limited review.

"This court cannot, and will not, weigh the evidence; that was the duty of the trial court, who saw and observed the witnesses on the stand, took into consideration their truthfulness, their bias and interests in the case, and was in a better position to understand the evidence, draw inferences therefrom and determine the truth. . . ." *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N.E.2d 684, 691.

This court must accept the facts as found below if there is any evidence of probative value to sustain them. *Cox* v. *Schlachter* (1970), 147 Ind. App. 530, 262 N.E.2d 550; *Central Ind. Ry. Co.* v. *Mikesell* (1966), 139 Ind. App. 478, 221 N.E.2d 192; *Haley* v. *Williams*

(1955), 125 Ind. App. 377, 123 N.E.2d 921. Moreover, even if the evidence as to certain facts is conflicting this court will consider only that evidence most favorable to the appellee with all reasonable inferences that may be drawn from such evidence. *Rigby* v. *Leister* (1970), 147 Ind. App. 438, 261 N.E.2d 891; *Cox* v. *Schlachter, supra.*

The evidence most favorable to the appellees may be summarized as follows:

On April 11, 1972, the Kopps entered into a contract with Harris Builders, Inc. for the purchase of real estate and construction of a house thereon. The contract, drafted by Robert Harris, an attorney who is also president and owner of Harris Builders provided, in pertinent part, that:

1. The purchase price of the house and lot was $21,400;
2. The Kopps pay Harris a $500 good faith deposit;
3. The Kopps make an additional $1640 downpayment at the time the house was under roof;
4. The Kopps obtain a loan of $19,260 from Union Federal Savings in New Albany, Indiana; and
5. The Kopps pay closing costs at Union Federal.

The Kopps made the $500 good faith deposit and construction of the house began. Mr. Kopp was originally told by an agent of Harris Builders that the house would be completed by July. Based upon this, Mr. Kopp sold his mobile home in May and moved in with his mother. The house was still not completed in September when the Kopps moved into an apartment owned by Mr. Harris.

The Kopps, in accordance with the contract, offered to make the $1640 downpayment when the house was under roof. However, they were told by an agent of Harris Builders that this payment need not be made until the closing. The Kopps did not in fact tender this payment until December 9, 1972. This payment was accepted by a secretary of Harris Builders but later returned by Mr. Harris.

Although construction of the house was not complete, Harris allowed the Kopps to make changes in the house at

their expense. Also, the Kopps were allowed to prepare to take possession of the house by installing a stove, refrigerator, and dishwasher, having the water turned on, arranging for telephone service, and purchasing insurance.

On December 7, 1972, the house was completed except for landscaping. Union Federal had approved the final draw on the construction loan and Kopp's assumption of that loan.

On December 8, Kopp met with Harris to discuss final problems concerning construction and purchase. Harris explained that it was necessary for Kopp to pay for "extras" that had been added to the house at Kopp's request during construction. Kopp agreed and Harris promised to have an itemized bill for the extras by the following Monday, December 11.

On December 8, Harris wrote a letter to Kopp indicating that Harris was exercising his option to refund Kopp's downpayment and rescind the contract. Kopp received the letter on Monday, December 11. On Wednesday, December 13, Kopp went to Harris for the itemized bill of extras that Harris had promised. He was presented with a bill listing the purchase price at $24,212.23 and was further informed that an additional $500 over this price would be required. Moreover, Kopp was told that he would have to sign a new contract providing that the first contract was null and void and providing for sale on an "as is" basis with "absolutely no guarantee for any defects of material or workmanship." Kopp refused to sign the new contract, but offered to close the sale pursuant to the original agreement. Upon Harris' refusal, the Kopps brought this action.

From the evidence most favorable to the appellees, we cannot say that the judgment of the trial court is contrary to the evidence. Harris contends that the Kopps refused to pay for extras as they had agreed. However, Mr. Kopp testified that he offered to pay for extras during a meeting with Mr. Harris on December 8, 1972. Since this testimony is

evidence of probative value, we must accept the trial court's finding that Kopp did offer to pay for the extras.

Harris further contends that Kopp refused to pay closing costs, an express obligation under the contract. Kopp testified, however, that at no time had he refused to pay these costs. This court must accept the finding of the trial court that the Kopps never refused to pay closing costs.

Harris also contends that the Kopps had refused to obtain a loan at Union Federal Savings and Loan as required by the contract. The Kopps had in fact been approved to assume Harris' construction loan at Union Federal and the trial court ordered Harris to allow this assumption. Harris contends, however, that the trial court erred in ordering him to allow the assumption since the court was thus making a contract never intended by the parties. There is evidence in the record, however, sufficient to allow the trial judge to determine that the parties had agreed to this assumption as a means of financing the purchase of the house. First, Mr. Kopp testified that it was his understanding of the contract that he was to assume Harris' loan. Also a notation was found on the construction loan stating that the Kopps would eventually assume the loan. Considering that evidence most favorable to appellees together with all reasonable and logical inferences that may be drawn from the evidence, the trial judge could find that such an agreement existed.

Finally, Harris contends that the Kopps failed to make the required downpayment when the house was under roof. The evidence does show that the $1640 downpayment was not made at the time prescribed in the contract. However, this by itself does not enable Harris to rescind.

"Where time is not of the essence of the contract for the sale of land, nonpayment of the purchase price or an installment thereof at the time stipulated in the contract will not of itself authorize a rescission or forfeiture of the contract by the vendor." 25 I.L.E. *Sales of Realty* § 44 p. 311.

There is no evidence present in the instant case that would indicate that time was of the essence of this contract. Therefore, Harris was not entitled to rescind because the $1640 downpayment was not made on time.

Even if it is determined that time is of the essence of a contract for sale of realty, a delay on the part of the purchaser may be excused by the vendor's conduct which leads the purchaser to refrain from making payment in accordance with the contract. 25 I.L.E. *Sales of Realty* § 44 p. 311-12. Viewing those facts most favorable to the Kopps, it appears that they offered to make the $1640 downpayment at the time called for in the contract, but an agent of Harris told them that the payment need not be made until closing. Also, Harris allowed the Kopps to make additions to the house and take steps in preparation for taking possession of the house after the time the payment was due. Therefore, even if time had been of the essence of the contract, evidence was presented to support a finding by the trial court that Harris' conduct excused prompt payment by the Kopps.

We therefore cannot accept Harris' contention that the judgment was contrary to the evidence.

Harris also cited as error, the failure of the trial court to rule that he could properly rescind the contract, as he attempted to do, under an express clause in the agreement. This clause provided for rescission at Harris' option if "irreconcilable differences" developed. However, the argument that such differences developed is dependent on Harris' version of the facts rejected above.

The issue of damages raised by Harris is deemed waived for failure to include this issue in the argument section of his brief. Indiana Rules of Procedure, Appellate Rule 8.3 (A) (7).

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 311 N.E.2d 841.