Mary G. HURT, as Auditor of Knox County, Indiana, Respondent-Appellant,

v.

Betty K. POLAK, Relator-Appellee,

v.

Oliver J. RUSSELL, and Mary L. Russell, Third Party Defendants-Appellees.

No. 1–678A170.

Court of Appeals of Indiana, First District.

Dec. 18, 1979.

Rehearing Denied Jan. 22, 1980.

Robert S. McCormick, Vincennes, for respondent-appellant.

John R. Carr, III, Buschmann, Carr & Schabel, Indianapolis, for Betty K. Polak, Oliver J. Russell and Mary L. Russell.

NEAL, Judge.

Respondent-appellant Mary G. Hurt, as Auditor of Knox County (Auditor), appeals a judgment of the Daviess Circuit Court, granting relator-appellee Betty K. Polak (Taxpayer) a refund for Taxpayer's overpayment of 1970, 1971 and 1972 property taxes and ordering Knox County tax officials to record in all appropriate records the assessed valuation of Taxpayer's property as ordered by the State Board of Tax Commissioners (State Board) on October 24, 1973.[1]

Auditor raises four issues for review:

---

1. Other individuals in addition to Mary G. Hurt held the office of Knox County Auditor during the period of time at issue here but, for the sake of simplicity, we will refer to all these persons as "Auditor" without specific identification. Also omitted from our discussion is any reference to third-party defendants below, Oliver J. Russell and Mary L. Russell, lessors of the tract of land in issue. Also, although this cause was initially brought under a caption which read, in part, as follows: *State of Indiana, ex rel. Betty K. Polack v. Paul F. Thais,*

1) Whether the trial court abused its discretion in overruling her motion to dismiss Taxpayer's complaint for failure to prosecute under Ind.Rules of Procedure, Trial Rule 41(E);

2) Whether the trial court abused its discretion in overruling her motion for default judgment on her cross-complaint under T.R. 55;

3) Whether the trial court erred in upholding the authority of the State Board to issue its October 24, 1973 final determinations of the 1970 and 1971 assessments of Taxpayer's property; and

4) Whether the trial court erred in excluding from the evidence the contents of an official file of the State Board.

We affirm.

## I.

■ Taxpayer filed her amended complaint on January 19, 1976, and on February 14, 1977, the trial court, *sua sponte,* ordered a March 17, 1977 hearing on whether the cause should be dismissed for failure to prosecute. On March 7, on motion of Taxpayer, the cause was set for trial on July 27. On March 16, Auditor filed her T.R. 41(E) motion which was properly overruled because Auditor moved to dismiss the cause *after* Taxpayer filed her request for a trial setting, thus resuming prosecution. Auditor thereby failed to meet the requirements of T.R. 41(E). *State v. McClaine,* (1973) 261 Ind. 60, 300 N.E.2d 342.

## II.

■ On February 4, 1976, Auditor filed a cross-complaint which Taxpayer did not answer until March 17, 1977, one day after Auditor filed a motion for default judgment on the cross-complaint. When a party fails to file a timely answer and answers only after the filing of a motion for default judgment, the trial court remains vested with power to exercise discretion, balancing the policies of speedy determination of actions and avoidance of delay against the

*Individually and as Auditor of Knox County,"* a motion to dismiss as to the State was granted

policy favoring resolution of causes on their merits. *Snyder v. Tell City Clinic,* (1979) Ind.App., 391 N.E.2d 623. In order for this court to find an abuse of discretion or reversible error by the trial court, it is first necessary that prejudice be shown by the appellant. *Wells v. Gibson Coal Co.,* (1976) Ind.App., 352 N.E.2d 838.

Auditor has failed to carry this burden because she failed to allege and argue, let alone prove, any prejudice to her as a result of the trial court's overruling of her motion.

## III.

Auditor argues that the trial court erred in upholding the validity of the State Board's October 24, 1973 final determination of the 1970 and 1971 assessed valuation of Taxpayer's property. The court's findings and judgment, in part, are as follows:

"The court . . . finds that while the taxpayer failed to file a petition for review of assessment with the County Review Board within the time prescribed by statute, the notice issued by the County Review Board denying the review led the taxpayer to believe that he had a right to appeal and, in fact specifically stated that he had a right of appeal to the State Board of Tax Commissioners and therefore must be construed against the tax authority, and further finds that from and after that date the taxpayer complied with all statutes pertaining to his cause.

The Court further finds that the order of the State Tax Board dated October 24, 1973 was and is valid order."

■ On appeal from a trial before the court without a jury, a reviewing court will not disturb the judgment of the trial court unless such is clearly erroneous. T.R. 52(A). The judgment of the trial court must be upheld if it can be sustained on any legal theory which the evidence supports. *Tarrant v. Self,* (1979) Ind.App., 387 N.E.2d 1349.

by this court during the pendency of this appeal.

In the case at bar, Taxpayer is the lessee of a tract of land upon which is built a shopping center. Taxpayer disputed through administrative appeals procedures both the 1970 and 1971 assessment of the property, which appeals eventually resulted in the October 24, 1973 orders by the State Board entitled "Corrected Order of Final Assessment Determination" for 1970, and "Final Assessment Determination" for 1971. In February, 1974, Taxpayer filed a claim pursuant to appropriate statute for refund of property taxes paid in 1971, 1972 and 1973 over and above those payable on the State Board's final assessments. The tax duplicates were not changed to reflect the State Board's final assessments and Taxpayer's refund claim was not processed. Taxpayer filed suit seeking, *inter alia,* to recover the overpayments of taxes paid pursuant to the original assessments. Auditor defended against Taxpayer's claim on the basis that the final determinations of the State Board on October 24, 1973, were void in that the State Board lacked authority to act on Taxpayer's administrative appeals because Taxpayer's initial petition to the county review board for review of the township assessor's 1970 valuation was not filed within the 30-day period of IC 1971, 6–1–31–1 (Burns Code Ed.), since repealed, which reads, in part, as follows:

"Any person shall have a right to a review by the county board of review of any county or township official's action upon the assessment of such person's property, if such action is of a type requiring the giving of notice to the taxpayer under the provisions of this act (6–1–20–1—6–1–39–13). Such review may be had by filing a petition with the county auditor of the county in which the action is taken within thirty (30) days of the giving of the required notice . . ."

We affirm the trial court's judgment on the basis that Auditor did not have available to her as a defense an attack on the validity of the State Board's action.

In *Board of Commissioners of Pulaski County v. Senn,* (1888) 117 Ind. 410, 20 N.E. 276, after the township assessor and the county board of equalization had fixed the valuation of Senn's property, the county auditor, on his own, increased it and caused the county treasurer to collect taxes on the basis of the increased valuation. Our Supreme Court affirmed a trial court action in favor of the taxpayer and said, at 412–13, 20 N.E. at 277:

"There is no claim that the auditor had any color of authority to add to the valuation put upon the real estate . . . by the assessor and board of equalization. His unauthorized interference with the assessment, as lawfully made, after the board of equalization had adjourned, was, therefore, not only unlawful and irregular, but it was wrongful within the meaning of the statute [which made it the duty of the board of commissioners to refund taxes wrongfully assessed], as it has been construed by the decisions of this court. [Citations omitted.]

When the assessor, and after him the board of equalization, had adjusted the fair cash valuation of the lands, the judgment thus arrived at was conclusive upon the county auditor, and all others, and could only be changed by some proceeding expressly authorized and prescribed by law.

\* \* \* \* \* \*

In the absence of any authority vested in the auditor to raise the valuation, it became his duty to carry the amounts thus assessed against each tract of land on to the tax duplicate, without alteration or change. . . .

At the trial the appellant offered evidence tending to show that the valuation placed upon the land by the auditor, and upon the basis of which the petitioner paid his taxes, was less than the actual cash value of the land. This evidence was correctly excluded by the court. It is true *the statute* required the land to be assessed at its real value, but it is also true that it *appointed certain officers upon whom was devolved the duty of ascertaining, fixing and equalizing the value. The valuation as fixed by the*

*officers designated for that purpose, acting under the sanction of their official oaths, must be regarded as conclusive, until it is changed by a method prescribed by law.* [Citations omitted.]" (Emphasis added; insertions added.)

In *Fadell, Assessor v. Kovacik, Auditor,* (1962) 242 Ind. 610, 181 N.E.2d 228, the valuation of a shopping center property was reduced on administrative appeal to the State Board. The township assessor filed suit against the State Board in circuit court to have the reduced assessment declared void and for an order requiring the county auditor to enter on the tax duplicates the township assessor's valuation. Our Supreme Court affirmed the trial court's dismissal of the cause, saying the assessor had no statutory right nor any common law right as a public official to appeal a State Board determination. At 615, 181 N.E.2d at 230, the court continued:

"The statutory procedure for fixing final assessments for tax purposes [Citation omitted.] is administrative in character. The township assessor is only a part of the administrative process in fixing assessments for taxation. He has no private or personal interest, and should have no interest as a township assessor, other than that which the State has. The State Board of Tax Commissioners likewise is a part of that administrative procedure. Both the township assessor and the State Board of Tax Commissioners are governmental instrumentalities, representing the State without any personal or private interests. [Citation omitted.]

We find nothing in the Statutes which gives the township assessor the right to question the final decision of the State Board of Tax Commissioners, which board, under the statute, is given authority to make a final determination upon appeal, as here."

The court also said that the statutes directed the auditor to accept the final assessment of the State Board and to place it on the tax duplicates, emphasizing at 614, 181 N.E.2d at 229, that "[h]e has no choice in such action."

In *Lentz v. Trustee of Indiana University,* (1966) 248 Ind. 45, 221 N.E.2d 883, the State Board exempted some property from taxation and the county assessor and county review board filed suit to appeal the State Board's determination and to secure a declaratory judgment. The trial court dismissed both paragraphs of the complaint, the assessor appealing only the dismissal of the request for declaratory relief. Our Supreme Court stated the issue as whether the county assessor had any standing to maintain such an action, quoted the above language from *Fadell, supra,* and said the State Board is the final authority representing the State in matters of taxation, and that in such matters an assessor is an inferior representative of the State without the right to question decisions of the State Board. The court concluded that the county assessor did not have appropriate standing to bring a declaratory judgment action.

The statutes in Title 17, Article 3, Chapters 21–31, dealing with the powers and duties of auditors contain no grant of authority to an auditor to challenge a determination by the State Board, nor can such authority be found in Ind.Code 6–1–31–1, *et seq.,* Property Assessment Act of 1961—Review, Appeal and Correction of Errors, since repealed and its substance enacted in Ind.Code 6–1.1–15–1, *et seq.,* and 6–1.1–16–1, *et seq.*

Under *Fadell, supra,* and *Lentz, supra,* Auditor could not directly challenge the validity of the State Board's determinations; thus, she cannot be allowed to achieve the same forbidden result by means of a collateral attack in the form of a defense to an action brought by Taxpayer upon Auditor's refusal to give effect to the State Board determinations. The validity of the State Board's determinations can only be attacked by a method prescribed by law.[2]

---

2. In *Lentz, supra,* 248 Ind. at 49, 221 N.E.2d at 885, our Supreme Court said, in *dictum*:

"In the case of *Fadell, Assessor v. Kovacik, Auditor, supra,* and in the case at bar, this

The trial court correctly entered judgment for Taxpayer.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.

court has dealt only with the standing of a township or county assessor to question a final determination of the State Board of Tax Commissioners. In our opinion, such an officer in his official capacity, cannot question such action. It is not necessary for us to decide at this time whether or not a taxpayer would have sufficient standing to question such final determination in view of the fact that granting exemptions would lower the tax base and increase the tax on other property within a county."
This language applies equally to the case at bar in which the issue is not the granting of an exemption but the lowering of an assessed valuation.