**Oscar LICKLITER, Defendant-Appellant,**

v.

**RUST FEED & SEED & LUMBER, INC., Plaintiff-Appellee.**

No. 1–980A239.

Court of Appeals of Indiana,
First District.

May 20, 1981.

R. M. Kroger and James G. Lauck, Kroger, Gardis & Regas, Indianapolis, for defendant-appellant.

Larry R. Hesson, Kendall, Stevenson, Lowry & Wood, Danville, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF CASE

Defendant below, Oscar Lickliter, appeals from an adverse judgment in a small claims action against him for the value of materials sold to him by plaintiff below, Rust Feed and Seed and Lumber, Inc., of $1,275.34. We reverse.

## FACTS

The facts taken in the light most favorable to the judgment show that the parties entered into an oral contract for the sale and delivery of "just perfect, really good" building material on October 1, 1979. To make sure that the lumber was of the quality Lickliter desired, Rust proposed to deliver full units of lumber as received from his supplier so that Lickliter could choose the best boards and Rust would pick up what was left. At the time of the order Lickliter paid Rust $2,811.28 with the understanding that more might be owed if Rust could not obtain all of the material at the specified wholesaler. Delivery of lumber was made and Rust was unable to pick up the excess material upon an initial attempt. Later he was able to pick up only twelve pieces of lumber. Rust computed the total price of materials delivered to Lickliter at $4,086.62. Subtracting the initial payment of $2,811.28, the court determined that $1,275.34 was owing to Rust and entered judgment to that effect.

## ISSUES

Lickliter poses the following questions for our consideration:

1. Was he denied a fair trial as a result of the failure of the Notice of Claim to inform him that he was entitled to trial by jury?

2. Was the trial court's decision contrary to the evidence?

3. Was the amount of the judgment awarded to Rust excessive in that there was no probative evidence to support the judgment?

4. Did the trial court err in permitting Rust to amend his complaint as to damages immediately prior to the introduction of evidence?

## DISCUSSION AND DECISION

Because of our decision to reverse we need discuss only the first issue.

Lickliter argues that he was denied a fair trial because the Notice of Claim did not advise him pursuant to Ind.Code 33–10.5–7–5 [1] of his right to a jury trial and the time within which such right was required to be asserted. Rust argues that, although Lickliter may not have been informed of his right to a jury trial, he did not at any time prior to his motion to correct errors request a jury trial and has at no place in the record or his brief shown how such alleged error was prejudicial to him.

We are cognizant of those cases decided under the Indiana Trial Rules which have held that there is no violation of Article I, Section 20 of the Indiana Constitution in requiring a party to demand a jury trial within a specified time period and implying a waiver of the right to such jury trial when such demand has not been made pursuant to conditions imposed by the rules. *See, e. g., Hayworth v. Bromwell,* (1959) 239 Ind. 430, 158 N.E.2d 285; *Johnson v. St. Vincent Hospital, Inc.,* (1980) Ind., 404 N.E.2d 585. We note also that had Lickliter been sued for several times the amount of money involved in the instant claim and the cause entered in the plenary, rather than the small claims, docket of the same court, he would not have been required to be given notice of his right to a jury trial. Further, we are reluctant to set aside a judgment when appellant has at no point prior to the rendering of that judgment requested a jury trial or shown how, in fact, he was prejudiced by not having a jury trial when his case was otherwise fairly tried.

Nevertheless, we also recognize that when the legislature has spoken clearly and unambiguously in a statute, a court may not ignore or change its meaning. *Town of Kewanna Water Works v. Indiana Employment Security Board,* (1961) 131 Ind. App. 400, 171 N.E.2d 262. We shall not presume that the legislature intended to enact an ineffective statute. 26 I.L.E. *Statutes* § 103 (1960). Thus, although the legislature has provided that the filing of a small claim is deemed to be a waiver of a jury trial, it has also stated that notice of a defendant's right to a jury trial *shall* be given to the defendant in a specified fashion. The record shows that Lickliter was not informed of his constitutional right to a jury trial pursuant to I.C. 33–10.5–7–5 or in any other manner. Because of the failure to comply with this legislated regulation of appellant's fundamental constitutional right to a jury trial, we must reverse and remand for a new trial.

Reversed and remanded.

NEAL, P. J., concurs.

YOUNG, P. J., sitting by designation, concurs.

1. IC 1971, 33–10.5–7–5 (Burns Code Ed., Supp. 1980): "Trial by jury.—The filing of a small claim in a circuit, superior, or county court is deemed a waiver of trial by jury. The defendant may, not later than ten [10] days following service of the complaint, make demand for a trial by jury by affidavit stating that there are questions of fact requiring a trial by jury, and specifying the same and that such is intended in good faith. Notice of the defendant's right to a jury trial, and the ten [10] day period in which to file for a jury trial, shall be clearly stated on the notice of claim or on an additional sheet to be served with the notice of claim on the defendant. Upon the deposit of ten dollars [$10.00] in the small claims docket by the defendant the courts shall transfer the claim to the plenary docket. Upon transfer the claim shall lose its status as a small claim. [IC 1971, 33–10.5–7–5, as added by Acts, 1975, P.L. 305, § 48, p. 1667; 1976, P.L. 132, § 34, p. 629.]" We note that this same notice of the defendant's right to a jury trial is required to be given by Ind. Rules of Procedure, Small Claims Rule 2(B)(10).