CENTRAL TRANSPORT, INC.,
Appellant (Defendant below),

v.

GREAT DANE TRAILERS, INC.,
Appellee (Plaintiff below)

and

Chrysler Corporation, Appellee
(Defendant below).

No. 1–1080A301.

Court of Appeals of Indiana,
Fourth District.

July 23, 1981.

John J. Thomas, Thomas, Thomas & Pease, Brazil, for appellant.

William G. Brown, Brazil, for Great Dane Trailers, Inc.

David W. Sullivan, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for Chrysler Corp.

CHIPMAN, Judge.

Central Transport Inc. is appealing an adverse judgment for damages in a Clay Circuit Court bench trial. Great Dane Trailers Inc. sued Central Transport for the value of its trailer which Central Transport had agreed to transport on a "free load" basis from Indianapolis to Chicago.

Central Transport, in turn, sued Chrysler Corporation as a third-party defendant because the trailer disappeared while parked on a Chrysler parking lot. Trial was to the court, which found Central Transport liable to Great Dane and Chrysler not liable to Central Transport. The court made no special findings of fact nor conclusions of law.

In challenging the trial court's decisions, Central Transport contends the decisions were contrary to law and the evidence.

We disagree and accordingly affirm the trial court.

## DISCUSSION

Whether the decision of the trial court was contrary to law or contrary to the evidence raises substantially similar questions of law. When the alleged error is that the decision was contrary to law, we will reverse only if the evidence is without conflict and leads to only one conclusion, but the trial court has reached the opposite conclusion. *Hinds v. McNair*, (1955) 235 Ind. 34, 129 N.E.2d 553; *Schabler v. Indianapolis Morris Plan Corp.*, (1968) 142 Ind. App. 319, 234 N.E.2d 655. When the error alleged is that the decision was contrary to the evidence we will reverse only if the trial court's decision is not supported by any substantial and probative evidence. *Harris Builders Inc. v. Kopp*, (1974) 160 Ind.App. 354, 311 N.E.2d 841.

Accordingly, if we find the trial court's decision can be sustained under the facts in the record most favorable to the prevailing party, on any legal theory, we will affirm. *Hurt v. Polak*, (1979) Ind.App., 397 N.E.2d 1051; *State Farm Mutual Automobile Insurance Company v. Shuman*, (1977) Ind. App., 370 N.E.2d 941.

The evidence most favorable to the plaintiff Great Dane Trailers and the defendant Chrylser Corporation reveals the following: Great Dane Trailers manufactured a 42-foot trailer for Poole Truck Lines of Houston, Texas. The trailer was to be shipped to Houston via various commercial motor carriers who would agree to deliver the trailer at no charge in exchange for the right to use it to haul freight en route. This method of delivery is known as "free loading" and works to the mutual benefit of the shipper and the carrier. The shipper

saves the cost of transportation, which in turn reduces the charges he will pass on to the buyer. The carrier gets free use of the trailer and is able to temporarily add more trailers to its system at no expense of capital.

Great Dane Trailers employed National Transportation Co. of Lubbock, Texas, to make the free-loading arrangemerts. National Transportation, in turn, arranged by phone for Central Transportation to move the trailer from Indianapolis to Chicago and for Arkansas Best Freight to move it from Chicago to Houston. Great Dane Trailers shipped th trailer to Indianapolis on a regular fee basis with Underwood Truck Lines, a trucking company working exclusively for Great Dane Trailers.

Upon delivery to Central Transport's Indianapolis terminal, an employee of Central Transport signed a bill of lading acknowledging receipt of the trailer and indicating the destination, delivering carriers and consignee.

Central Transport loaded the trailer with goods to be shipped to Chrysler Corporation at Hamtramck, Michigan, and delivered the trailer and goods to Chrysler on December 7, 1976. Chrysler unloaded the trailer, notified Central Transport on December 8 of its immediate availability and parked it in a nearby lot with other trailers to be picked up. Although the trailer was parked on a fenced and guarded lot, no special security was provided nor were truckers required to show Chrysler any identification or authorization to pick up an empty trailer.

Central Transport attempted to pick up the trailer two days later but could not find it. A second attempt was made on December 13. Central Transport continued its efforts to find the trailer but waited several weeks before advising Chrysler and National Transportation of the loss. Apparently Great Dane Trailers did not learn of the loss for several months. FBI and local police were notified, although the record does not indicate when.

## I. CENTRAL TRANSPORT'S LIABILITY

 Central Transport contends, in effect, that a reading of the evidence most favorable to Great Dane Trailers provides no basis for a trial court to find liability. Central Transport's brief ignores the bill of lading, which was offered at trial by Great Dane Trailers to show a contractual relationship casting Central Transport into its customary role of a common carrier. The bill of lading bears what appears to be the signatures of Joseph Prichard of Great Dane Trailers and R. D. Bryant of Central Transport. Testimony that Bryant's name was difficult to read was admitted, but Bryant was not called to testify nor was Prichard. The authenticity of the document was not disputed nor was Bryant's authority to sign such a document. Since a 42-foot trailer being shipped in interstate commerce constitutes "goods" in Indiana, Ind.Code 26–1–7–102(1)(f),[1] and a bill of lading is evidence of a contract for the carriage of goods, there is evidence in the record of a contract of carriage between Central Transport and Great Dane Trailers.

In Indiana, bills of lading are governed by the Uniform Commercial Code which charges a carrier to care for the goods in the manner of a reasonably careful person under like circumstances. Ind.Code 26–1–7–309. The Code also recognizes a carrier at common law to be an insuror of the goods except for losses caused by an act of God, public enemy or an inherent defect in the goods themselves or unless it expressly contracts to limit liability to only those losses caused by negligence. *Id.*

Notwithstanding the bill of lading, Central Transport denies it was a carrier for Great Dane's trailer but admits it was a bailee. The distinction is critical only if no probative evidence exists to show negligence on the part of Central Transport. Because we find the evidence could support

---

**1.** "Goods" means all things which are treated as movable for the purposes of a contract of storage or transportation.

a trial court finding of negligence we will not attempt to examine whatever common law liability as an insuror may exist under the bill of lading.

In Indiana, there are no degrees of care nor degrees of negligence. *Stayton v. Funkhouser,* (1970) 148 Ind.App. 75, 263 N.E.2d 764. Negligence imports only one standard of care: that which ordinary prudent persons would exercise under the same or similar circumstances. *Neal v. Home Builders, Inc.,* (1953) 232 Ind. 160, 111 N.E.2d 280, *rehearing denied,* 232 Ind. 160, 111 N.E.2d 713. However, Central Transport cites *General Grain, Inc. v. International Harvester Co.,* (1968) 142 Ind.App. 12, 232 N.E.2d 616 for the proposition that ordinary bailees may meet a standard of care lower than professional bailees. That is not the case. *General Grain* holds only that professional bailees, like a common carrier, may not contract out of negligence. Professional bailees have greater responsibilities than ordinary bailees because of their unequal bargaining position, *LaFrenz v. Lake County Fair Board,* (1977) 172 Ind. App. 389, 360 N.E.2d 605, but the standard of care does not change.

When a bailee is characterized as a professional because he makes it his business to act as a bailee and deal with the public on a uniform rather than individual basis, he is required to provide the care that a reasonably prudent person would provide under like circumstances. He is not required to be super-prudent. Even a carrier, long subject to regulation because of his great responsibility to the public, is by statute held only to the fixed standard of a reasonably careful person under the circumstances. IC 26-1-7-309.

Whether Central Transport was negligent does not depend on whether we characterize it as a common carrier or a professional bailee or an ordinary bailee. Whether it was negligent depends on whether under the circumstances peculiar to this case, it behaved as a reasonably prudent person would behave.

Those circumstances as reflected in the evidence at trial show Central Transport was a company in the business of moving goods, and it took possession of Great Dane's goods for the purpose of moving them. Central Transport treated the trailer as it would its own in following customary business practices in caring for the vehicle. It was customary for truckers to deliver trailers to third parties for unloading. It was customary for third parties to park the empty trailers on unguarded lots for pick up by trucking companies. Also, it was customary for trucking companies to delay pick up for several days until they could arrange a return load from the area.

Because Central Transport was a bailee, the mere failure of Central Transport to return the trailer to Great Dane provides a prima facie case of negligence, and Central Transport was required at trial to go forward to establish the loss was not its fault. *State Storage, Inc. v. Scheper,* (1932) 95 Ind.App. 157, 181 N.E. 385; *Keenan Hotel Co. v. Funk,* (1932) 93 Ind.App. 677, 177 N.E. 364. Consequently, the heart of this dispute is whether a bailee is negligent if he puts a bailor's goods in the hands of a third party, knowing the third party customarily allows similar items in his possession to be taken by anyone upon request.

Central Transport cites business customs as evidence it acted without negligence. Great Dane Trailers cites these same business customs as evidence of negligence. Great Dane Trailers maintains that what may be reasonable for a trucking company risking its own trailers is not reasonable for a trucking company risking the trailer of an Indiana manufacturer attempting to have it transported intact to a buyer in Texas. Great Dane Trailers argues it was negligence for Central Transport, knowing of the customary manner in which trailers were left unsecured, not to have at least attempted to secure possession of the trailer promptly after it was unloaded or to have advised Great Dane Trailers promptly of the loss.

Business custom is relevant and admissable but not conclusive on the ques-

tion of care and diligence required for proper conduct, particularly when the business custom is adverse to the bailor's interests. Proffered testimony on business conduct may be admitted for its appropriate probative value with respect to the fixed legal standard of conduct, i. e. the care a reasonable man under like circumstances would exercise. *Walters v. Kellam and Folley*, (1977) 172 Ind.App. 207, 360 N.E.2d 199. Since it was common practice not to provide security at all, this court cannot say Central Transport's behavior should have lead the trial court only to the conclusion the trucking company was exonerated by business custom. The question of whether a bailee's behavior fails to comply with the duties imposed by law is a question to be determined by the trial court in weighing the evidence. *Light v. Lend Lease Transportation Company*, (1959) 129 Ind.App. 234, 156 N.E.2d 94. Here, the evidence could well persuade the trial court that Central Transport failed to meet the ordinary standard of care of a bailee under the circumstances when it followed a business practice unsuitable for the protection of its customer's goods.

We find the trial court's decision was not contrary to law, and we find sufficient evidence in the record on the question of negligence to support the trial court's finding of liability.

## II. CHRYSLER'S LIABILITY

█ Central Transport sued Chrysler as a third-party defendant to recover its damages for the loss of Great Dane's trailer. Although not captioned as such, we assume the action was for indemnification.

Because of the limited scope of review in examining a plaintiff's negative judgment, we can determine only whether the evidence most favorable to Chrysler is without conflict and supports only the conclusion Chrysler is liable to Central Transport.

No contract for indemnification existed between Central Transport and Chrysler for the loss of the trailer. The relationship of the two companies concerning the trailer appears to be merely that of bailor/bailee.

Central Transport entrusted the trailer to Chrysler to unload. As part of the arrangement Chrysler undertook to store the trailer on its premises both before and after unloading. Within 24 hours of delivery, Chrysler advised Central Transport the trailer was empty and available. The evidence indicates Chrysler's efforts to provide prompt notice of the trailer's availability stemmed from a desire to avoid a carrier's retainage fee for holding the trailer longer than 24 hours. Although Chrysler may not have expected the trailer to be picked up immediately, it was not told the trailer was actually another's goods in transit nor did Central Transport request any special security. The evidence most favorable to Chrysler indicates the trailer appeared to Chrysler to be the trucking company's equipment, and it required temporary storage in a manner acceptable to trucking companies in general and Central Transport in particular. Chrysler, a company which had done business with Central Transport in the past, accordingly treated the trailer in a manner familiar to Central Transport and in a manner similar to that used in handling 33,000 other trailers during the previous year. It consequently provided the kind of care Central Transport expected.

The evidence, therefore, could support a conclusion that under these circumstances Chrysler did not breach its duty to Central Transport to care for the trailer. Absent Chrysler's negligence and absent a contract, there is no basis for indemnification.

We conclude, therefore, the trial court's decision was not contrary to law.

Judgment affirmed.

YOUNG, P. J., and MILLER, J., concur.