**Julia A. ROBB, Appellant (Plaintiff Below),**

v.

**MATTHEWS BUICK–PONTIAC, INC., Appellee (Defendant Below).**

**No. 27A02–8704–CV–172.**

Court of Appeals of Indiana, Third District.

Dec. 28, 1987.

David M. Payne, Ryan, Welchons & Payne, Marion, for appellant.

Charles E. Herriman, Browne, Spitzer, Herriman, Browne, Stephenson and Holderead, Marion, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Julia A. Robb appeals an adverse decision in her small claims court action against defendant-appellee Matthews Buick–Pontiac, Inc. Robb's complaint stems from damage sustained by her vehicle while it was held on Matthews' car lot.

The evidence relevant on appeal and most favorable to the judgment discloses that Robb was arrested on March 8, 1986. The Marion Police Department ordered her 1975 Firebird towed to Matthews. The police did not order a hold on the vehicle; thus, it could have been retrieved at any time. Approximately ten days after the vehicle was towed to Matthews, it was vandalized resulting in the theft of an AM/FM cassette stereo and damage to the dash. While held on Matthews' lot, the car was kept in a locked, lighted and fenced area. Matthews estimated the cost of repair at $643.13. Robb retrieved the car on April 5, 1986 and paid storage fees for 27 days.

On June 11, 1986 Robb filed a claim in the Grant County Small Claims Court requesting a judgment for $643.13 against Matthews. Robb then filed a demand for a jury trial in the small claims court. The court denied the motion for jury trial, stating that a jury trial was waived once the cause was filed in small claims court. After a trial in the small claims court, judgment was entered for Matthews. This appeal ensued.

On appeal Robb raises two issues for review:

(1) whether the trial court erred in denying Robb's demand for a jury trial in a small claims court matter; and

(2) whether the trial court's decision was contrary to law.

Robb's demand for a jury trial in a small claims court matter is governed by IND.

CODE § 33–10.5–7–5(a) (1984 Supp.). The statute specifically provides that the filing of a claim in a small claims court constitutes waiver of a request for trial by jury. Robb invokes Article I, § 20 of the Indiana Constitution for the proposition that the right to a jury trial in civil cases "shall remain inviolate." Thus, according to Robb the automatic waiver provision of the statute is unconstitutional.

■ Robb's argument is misdirected. The right to a jury trial in her civil case was not extinguished by IND. CODE § 33–10.5–7–5(a). Robb was not foreclosed from filing her claim in a court of competent jurisdiction wherein her right to a jury trial was preserved. In creating small claims courts, the obvious intent was to allow parties access to judicial process in an efficient, uncomplicated manner. Thus a plaintiff who wishes to proceed with an attorney and desires a jury trial, thereby rejecting the streamlined small claims court procedures, needs only file the claim in a court of competent jurisdiction.

Robb argues that *Lickliter v. Rust Feed & Seed & Lumber, Inc.* (1981), Ind.App., 421 N.E.2d 10 supports her position. This Court in *Lickliter* determined that a *defendant* in a small claims court proceeding must be notified of the right to a jury trial. The statute in question states:

"(a) The filing of a small claim in the county court is deemed a waiver of trial by jury.

(b) The defendant may, not later than ten (10) days following service of the complaint make demand for a trial by jury by affidavit stating that there are questions of fact requiring a trial by jury, and specifying the same and that such is intended in good faith.

(c) Notice of the defendant's right to a jury trial, and the ten (10) day period in which to file for a jury trial, shall be clearly stated on the notice of claim or on an additional sheet to be served with the notice of claim on the defendant.

(d) Upon the deposit of ten dollars ($10) in the small claims docket by the defendant, the court shall transfer the claim to the plenary docket. Upon transfer, the claim shall lose its status as a small claim."

IND. CODE § 33–10.5–7–5 (1984 Supp.).

The case and the portion of the statute requiring notice of the right to a jury trial are inapplicable to Robb inasmuch as Robb is the plaintiff in the present action. As the plaintiff Robb enjoyed total discretion in determining whether to file her claim in small claims court and waiving her right to a jury trial. It is noteworthy that the small claims court form filed by Robb's attorney explicitly stated that a defendant could request a trial by jury within ten days from receipt of the notice, otherwise the right to a jury trial was waived.

Robb contends that she should have been afforded an opportunity to transfer her cause to a court with jurisdiction to hold jury trials. The record does not reflect a request to transfer the cause by Robb. Consequently, the record does not reflect that Robb would not have been allowed an opportunity to transfer her cause to a court of plenary jurisdiction.

Accordingly, the automatic waiver of a jury trial by filing small claims court actions is not unconstitutional. IND. CODE § 33–10.5–7–5(a) alters the right to a jury trial in small claims court actions only. The right to a jury trial in actions such as Robb's remain uneffected when the claim is filed in a court of proper jurisdiction.

Next, Robb alleges that the trial court's decision was contrary to law. When a reviewing court is called upon to determine whether a decision is contrary to law, reversal is warranted only if the evidence is without conflict and leads to one conclusion while the trial court reached the opposite conclusion. *Central Transport, Inc. v. Great Dane Trailers* (1981), Ind.App., 423 N.E.2d 675, 676.

■ Robb contends that the trial court could only have determined that a bailment existed and that Matthews was negligent or strictly liable for the damages. The trial court may have determined that no bailment existed and that the car had been abandoned once Robb's car remained unclaimed in excess of 15 days. *See* IND.

CODE § 9-9-1.1-2 (providing that a vehicle ordered impounded may be considered abandoned if not claimed within 15 days). If considered abandoned, IND. CODE § 9-9-1.1-11 would operate to insulate Matthews from liability for damage to the car while it was stored.

■ Alternatively if a bailment existed, Matthews as the bailee was required to provide the care that a reasonably prudent person would provide in like circumstances. *Central Transport, Inc., supra*, 423 N.E. 2d at 678. Here, the evidence disclosed that Matthews stored Robb's vehicle in a lighted, locked and fenced area. Accordingly, the evidence would support a finding that Matthews exercised the required degree of care.

There being no finding of error the trial court's decision is affirmed.

Affirmed.

SHIELDS, P.J., and BUCHANAN, J., concur.